SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
BROOKE S. PURCELL, Cal. Bar No. 260058
JOHN D. ELLIS, Cal. Bar No. 269221
LUIS ARIAS, Cal. Bar No. 317819
SHAYLA M. GRIFFIN, Cal. Bar No. 339821
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:         bpurcell@sheppardmullin.com
               jellis@sheppardmullin.com
               larias@sheppardmullin.com
               smgriffin@sheppardmullin.com

Attorneys for Defendant
ACE HARDWARE CORPORATION

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNETT LEY, in his representative capacity, on behalf of the State of California, the general public and all aggrieved employees,<br><br>                    Plaintiff,<br><br>        v.<br><br>ACE HARDWARE CORPORATION, a Delaware Corporation, authorized to do business in California; and DOES 1 through 50 inclusive,<br><br>                    Defendants. | Case No.<br><br>[*Sacramento County Superior Court Case No. 34-2021-00312661-CU-OE-GDS*]<br><br>**DEFENDANT ACE HARDWARE CORPORATION'S NOTICE OF REMOVAL OF ACTION**<br><br>State Court Complaint Filed: December 15, 2021 |

-1-

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendant Ace Hardware Corporation ("Ace") hereby removes the above-referenced action from the Superior Court of the State of California for the County of Sacramento, Case No. 34-2021-00312661 to the United States Court for the Eastern District of California.  Removal is based on 28 U.S.C. §§ 1332(a) (diversity jurisdiction), 1367(a) (supplemental jurisdiction), 1441, and 1446.

**I.    DIVERSITY AND REMOVAL JURISDICTION**

1.    Under 28 U.S.C. § 1441(a), any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

2.    28 U.S.C. § 1332(a) vests the United States District Courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States…."

3.    28 U.S.C § 1446 provides that "a defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

4.    "[A] removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014).  Evidence is required "only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 84.  "[A] district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias*, 936 F.3d at 924; *see also Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1069 (9th Cir. 2021) ("The district court erred as a matter of law in

-2-

requiring that the notice of removal 'prove' subject matter jurisdiction instead of containing plausible allegations of the jurisdictional elements.").

5.     As set forth more fully below, Ace alleges that Plaintiff Bennet Ley ("Ley") is now at the time of removal, and was at the commencement of this action, a citizen of California.  Ace alleges that it is now at the time of removal, and was at the commencement of this action, a citizen of Delaware and Illinois.

6.     Ace further alleges that the amount in controversy in this action exceeds the sum or value of $75,000, consistent with the rules on aggregation of claims.

7.     To the extent it is necessary to separately plead jurisdiction over alleged California Labor Code violations affecting individuals other than Ley, the Court has supplemental jurisdiction over such allegations pursuant to 28 U.S.C. § 1367(a).

## II.     STATE COURT PLEADINGS AND PROCESS

8.     On or about December 15, 2021, Ley filed a complaint in the California Superior Court for the County of Sacramento, thereby initiating this action titled *Bennett Ley v. Ace Hardware Corporation,* Case No. 34-2021-00312661.  Ex. 1.

9.     Ley's complaint alleges that he is a former employee of Ace.  Ex. 1 ¶ 8(b).  The complaint asserts a single a cause of action for civil penalties under the California Private Attorneys' General Act of 2004 ("PAGA").  Ley purports to bring representative claims on behalf of himself and "[a]ll other current or former non-exemption employees of [Ace] in the state of California during the relevant time period who received commissions, shift differentials, or other non-discretionary compensation and such compensation was not included in the regular rate of pay for purposes of calculated overtime and premium wages, during the period commencing on the sate that is within one year and sixty-five days prior to the filing of this Complaint through and including the last day of trial." Ex. 1 ¶ 41.

10.    Ley claims that Ace is liable for civil penalties based on allegations that Ace:

a.     Failed to timely pay all minimum and/or regular wages during employment in violation of Cal. Lab. Code §§ 204, 210, 1194, 1194.2, 1197, 1197.1, and 1198,

and the applicable California Industrial Welfare Commission ("IWC") Wage Order (Ex. 1 ¶ 55(a));

b.  Failed to timely pay all overtime wages during employment in violation of Cal. Lab. Code §§ 204, 226.7, 512, 558, and 1198, and the applicable IWC Wage Order (Ex. 1 ¶ 55(b);

c.  Failed to timely pay accurate premium wages for non-compliant meal periods during employment in violation of Cal. Lab. Code §§ 204, 226.7, 512, 558, and 1198, and the applicable IWC Wage Order (Ex. 1 ¶ 55(c));

d.  Failed to timely pay accurate premium wages for non-compliant rest periods during employment in violation of Cal. Lab. Code §§ 204, 226.7, and 1198, and the applicable IWC Wage Order (Ex. 1 ¶ 55(d));

e.  Failed to timely pay all wages due and owing at the time of separation and/or the required waiting time penalties in violation of Cal. Lab. Code §§ 201-203 and 211 (Ex. 1 ¶ 55(e));

f.  Failed to furnish accurate itemized wage statements in violation of Cal. Lab. Code §§ 226, and 226.3, and the applicable IWC Wage Order (Ex. 1 ¶ 55(f)); and

g.  Failed to maintain accurate employment, time and/or payroll records in violation of Cal. Lab. Code §§ 226, 1174, 1174.5, and the applicable IWC Wage Order. (Ex. 1 ¶ 55(g)).

11.    On January 12, 2022, Ley's counsel sent Ace's counsel a copy of the complaint and summons issued by the California Superior Court by mail with a notice and acknowledgement of receipt under Cal. Civ. Proc. Code § 415.30.  Ex. 5.  Ace's counsel executed the acknowledgement of receipt form on January 31, 2022, and returned it to Ley's counsel.  Ex. 9.

12.    On March 1, 2022, Ace filed an answer to Ley's complaint in the Sacramento Superior Court.  Ex. 11.

## III.    COMPLETE DIVERSITY OF CITIZENSHIP

13.    Diversity of citizenship is established when each plaintiff is a citizen of a different state from each defendant at the time the action was commenced and at the time of removal.  *Grancare, LLC*

*v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018); *Strotek Corp. v. Air Transp. Ass'n. of Am.,* 300 F.3d 1129, 1131 (9th Cir. 2002). An action is "commenced" in California state court upon filing of the complaint. Cal. Code Civ. Proc. § 761.010. The citizenship of fictitiously named defendants is disregarded when determining whether diversity jurisdiction exists. 28 U.S.C. § 1441(b)(1).

14. A removing defendant need not submit any evidence of the parties' citizenship at the time of removal. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1226-28 (9th Cir. 2019). "A party's allegation of [] diversity may be based on 'information and belief.'" *Id.* at 1227; *see also Mpock v. FCA US LLC*, 2021 WL 5356472, at *5 (E.D. Cal. 2021) ("[T]he Court rejects Plaintiff's argument that Defendant failed to submit evidence of citizenship — because no evidence of citizenship was required — and finds Defendant's allegations of Plaintiff's citizenship are sufficient.").

15. Ace and Ley are the only non-fictitiously named parties in this case. In accordance with the specific allegations below, Ace alleges that it was the time of commencement of this action, and continuing through the filing of this notice of removal, a citizen of a different state than Ley. Complete diversity of citizenship is therefore present.

**Plaintiff Ley's Citizenship**

16. An individual is a citizen of the state in which he or she is domiciled. 28 U.S.C. § 1332(a)(1).

17. Although the California Labor and Workforce Development Agency are sometimes characterized as the "real party in interest" in a PAGA action, "courts in the Ninth Circuit have considered the named plaintiff's citizenship, and not the state, to be determinative of diversity jurisdiction in PAGA cases." *Prestwood v. Marriott Ownership Resorts, Inc.*, 2019 WL 2522674, at *2 (C.D. Cal. 2019); *see also, e.g.*, *Solis v. Dunbar Armored, Inc.*, 2018 WL 259200 at *2 (S.D. Cal. 2018); *Gunther v. Int'l Bus. Mach. Corp.*, 2016 WL 3769335, *3 (C.D. Cal. 2016); *Chavez v. Time Warner Cable LLC*, 2016 WL 1588096, at *2 (C.D. Cal. 2016); *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1035 (N.D. Cal. 2014); *Thomas v. Aetna Health of California, Inc.*, 2011 WL 2173715, at *8 (E.D. Cal. 2011).

18.     "Proof of residence in a state is usually thought prima facie evidence of domicile." *Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *see also Anderson v. Watt*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary…"); *see also Barbosa v. Transp. Drivers, Inc.*, 2015 WL 9272828, at *2 (C.D. Cal. 2015) ("a person's residence is prima facie evidence of his or her place of domicile for purposes of diversity jurisdiction") (quoting *Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1103, 1105 (D. Or. 2012)). Furthermore, "a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013).

19.     Ley alleges in his complaint that he "was and is a resident of the county [sic] of Roseville, California." Ex. 1 ¶ 8a; *see Mpock*, 2021 WL 5356472 at *5 -6 (Plaintiff's allegation of residence in complaint sufficient to prove domicile and citizenship).  Ace's records also disclose that Plaintiff was a resident of and domiciled in California during his employment by the company.

20.     Accordingly, Ace alleges that at the time Ley's complaint was filed and continuing through the date of filing of this notice of removal, Ley was and is domiciled in California.  Ace therefore alleges that at the time Ley's complaint was filed and continuing through the date of filing of this notice of removal Ley was and is a citizen of the state of California.

**Defendant Ace's Citizenship**

21.     Ace is a corporation incorporated under the laws of Delaware and has been since the institution of this action.

22.     As a corporation, Ace is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

23.     In *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010), the Supreme Court clarified the definition of a corporation's "principal place of business" and concluded that that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  The Supreme Court further clarified that, "in practice" the principle place of business "should normally be the place where the corporation maintains its

1  headquarters—provided that the headquarters is the actual center of direction, control, and coordination,

2  *i.e.*, the 'nerve center….'" *Id.* at 1192.

3      24.    Under the foregoing standard, Ace is a citizen of Illinois and Delaware, and has been

4  since the institution of this action.  Ace is incorporated in the State of Delaware and maintains its

5  corporate headquarters in Oak Brook, Illinois.  Oak Brook, Illinois is where Ace's corporate and

6  executive officers are employed.  The vast majority of Ace's administrative functions (including that of

7  legal, payroll, and human resources), are conducted in Oak Brook, Illinois.  Illinois is also where the

8  actual center of direction, control and coordination for Ace takes place.  Ace's corporate policies and

9  protocols are formulated by personnel working in Oak Brook, Illinois.  All of the facts alleged in this

10  paragraph are true as of the time of this removal and were also true at the initiation of this civil action.

11  Accordingly, Ace's principal place of business is now at the time of this removal, and was at the

12  institution of this civil action, in the State of Illinois.  *See* 28 U.S.C. § 1332(c)(1).

13      25.    In accordance with the foregoing, Ace is now at the time of removal, and was at the time

14  of the institution of this civil action, a citizen of Delaware and Illinois.

15  **IV.    AMOUNT IN CONTROVERSY**

16      26.    "In determining the amount in controversy, the Court accepts the allegations contained in

17  the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim."

18  *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017).  "The amount in controversy

19  is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's

20  liability."  *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Coleman v.*

21  *Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) ("In deciding the amount in

22  controversy, the Court looks to what the plaintiff has alleged, not what the defendants will owe…")

23  (aff'd by 631 F.3d 1010 (9th Cir. 2011)).

24      27.    A removing defendant is not required to submit any evidence of the amount in

25  controversy at the time of removal.  *Dart Cherokee*, 574 U.S. at 84; *Acad. of Country Music*, 991 F.3d at

26  1069; *Arias*, 936 F.3d at 922.  At the notice of removal stage, a plausible allegation of the amount in

27  controversy is sufficient.  *Id.*

28

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

28.     In determining whether the amount in controversy exceeds the $75,000 threshold set forth in 23 U.S.C. § 1332(a), the Court must aggregate all claims asserted by one plaintiff against the same defendant.  *Snyder v. Harris*, 394 U.S. 332, 335 (1969); *Sky-Med, Inc. v. Fed. Aviation Admin.,* 965 F.3d 960, 966 (9th Cir. 2020).  Ley and Ace are the only non-fictitiously named parties to this case.

29.     PAGA permits an "aggrieved employee" to file a representative action against his or her employer to claim any civil penalties for violations of the California Labor Code that may be assessed by the California Labor Workforce Development Agency ("LWDA").  Cal. Lab. Code § 2699(a).  An "aggrieved employee" is defined as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."  Cal. Lab. Code § 2699(c).  For any provision of the California Labor for which a civil penalty is not already provided, PAGA imposes a civil penalty of $100 "for each aggrieved employee per pay period for the initial violation" and $200 "for each aggrieved employee per pay period for each subsequent violation," if the employer employed at least one person at the time of the alleged violations.  Cal. Lab. Code § 2699(f).  Of the civil penalties awarded in a PAGA case, 75% are paid to the LWDA and 25% are awarded to the aggrieved employees. Cal. Lab. Code § 2699(i).

30.     The Ninth Circuit in *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118 (9th Cir. 2013) held that the civil penalties attributable to violations committed against employees other than the named plaintiff in a PAGA action may not be aggregated to meet the jurisdictional amount in controversy under 23 U.S.C. § 1332(a).  However, the amount in controversy includes all civil penalties attributable to alleged violations committed against the named plaintiff, including the 75% portion that is paid to the LWDA.  *See, e.g., Mitchell v. Grubhub Inc.,* 2015 WL 5096420, at *6 (C.D. Cal. 2015) ("the amount in controversy includes the total amount of penalties for PAGA claims"); *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1043-48 (N.D. Cal. 2014) ("the entire amount of PAGA penalties attributable to [plaintiff]'s claims count towards the amount in controversy").

31.     The statute of limitations for a PAGA claim is one year, which is tolled for up to 65 days after the plaintiff serves a letter on the LWDA and defendant in compliance with PAGA's administrative exhaustion requirements.  Cal. Civ. Proc. Code § 340(a); Cal. Lab. Code § 2699.3(d); *Brown v. Ralphs Grocery Co.*, 28 Cal. App. 5th 824, 839 (2018).  Ley's complaint alleges a one year 65 day statute of

1   limitations period.  Ex. 1 ¶ 41.  One year and 65 days prior to the filing of Ley's complaint is October

2   11, 2020.

3       32.     Ace paid Ley on a weekly basis.  Since October 11, 2020, Ley was employed by Ace for

4   45 pay periods.

5       33.     Ley's claims are premised on allegations that Ace failed to pay overtime wages at the

6   correct rate because it allegedly did not account for certain incentive payments and premiums in

7   computing the overtime rate.  Ex. 1 ¶¶ 22-36.  Ley further alleges that he worked overtime

8   "consistently" and "nearly every day."  *Id.* ¶¶ 8, 22.  Ley earned at least one of the incentive payments

9   and/or premiums he claims should have been included in the computation of the overtime rate in every

10  pay period he worked for Ace during the relevant time period, except for one.  Because Ley worked 45

11  pay periods for Ace during the relevant time period, it is reasonable to assume Ley alleges Labor Code

12  violations in at least 44 pay periods.

13      34.     In determining the amount in controversy in a PAGA action, it is appropriate to "stack"

14  alleged penalties; i.e., assume that "multiple PAGA penalties can be assessed for the same pay period

15  for different Labor Code violations."  *Hernandez v. Towne Park, Ltd.*, 2012 WL 2373372, at *17 n. 77

16  (C.D. Cal. 2012); *see also Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *6 (E.D. Cal. 2010)

17  ("Potential PAGA Penalties May be Aggregated or 'Stacked'" for purposes of the amount in

18  controversy).  Additionally, a removing defendant may aggregate multiple sets of civil penalties for a

19  single Labor Code section allegedly violated if the plaintiff alleges that the section was violated in

20  multiple ways in the same pay period.  *Salazar v. PODS Enterprises, LLC*, 2019 WL 2023726, at *5-6

21  (C.D. Cal. 2019).  Although it is "highly unlikely" a PAGA plaintiff could actually "recover PAGA

22  penalties for each separate type of Labor Code violation," such recovery is "possible" and therefore in

23  controversy because no biding authority conclusively precludes it.  *Id.* at *6.[1]

24      35.     Ley alleges an entitlement to attorneys' fees.  Ex. 1 ¶ 52; *see also* Cal. Lab. Code §

25  2699(g)(1) ("Any employee who prevails in any [PAGA] action shall be entitled to an award of

---

[1] Ace denies that any form of penalty stacking is permissible, but "[i]n deciding the amount in controversy, the Court looks to what the plaintiff has alleged, not what the defendants will owe."  *Coleman*, 730 F. Supp. at 1148 (C.D. Cal. 2010); *see also In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, 2018 WL 5905942, at *4 (C.D. Cal. 2018) ("the amount in controversy is established by what the plaintiff demands, not by any reductions that a defendant might achieve through its defenses").

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

reasonable attorney's fees and costs."). A plaintiff's claim for attorneys' fees is included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). In *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 -796 (9th Cir. 2018), the Ninth Circuit held that future attorneys' fees that are claimed, but not accrued, must be considered in controversy at the time of removal. "Ace alleges that the amount of fees that Ley may claim at the end of this action if he prevails will exceed $2,000,000.

36.     In accordance with the principles and facts alleged above, Ace alleges that Ley's claims for civil penalties and attorneys' fees that are attributable to alleged Labor Code violations against Ley individually place more than $75,000 in controversy.

## V.    SUPPLEMENTAL JURISDICTION

37.     Ley is the only plaintiff in this action and elements of diversity jurisdiction are satisfied as to his claims. PAGA actions may not be pursued as class actions and the other aggrieved employees the named plaintiff demands penalties for are not parties to a PAGA case. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 856 (9th Cir. 2020); *Saucillo v. Peck*, 25 F.4th 1118 (9th Cir. 2022) (unnamed allegedly aggrieved employee "is not a party to the PAGA lawsuit"). Furthermore, a PAGA action must be prosecuted on a representative basis and cannot be "split" into individual claims for relief. *Khan v. Dunn-Edwards Corp.*, 19 Cal. App. 5th 804, 810 n. 1 (2018) ("a PAGA action is only a representative action"); *Williams v. Superior Ct.*, 237 Cal. App. 4th 642, 645 (2015) "(petitioner's single cause of action under PAGA cannot be split into an . . .'individual claim' and a . . . representative claim."). Thus there is original diversity jurisdiction over this entire action.

38.     To the extent the Court requires a separate jurisdictional basis for alleged California Labor Code violations against employees other than Ley, the Court has supplemental jurisdiction over such claims under 28 U.S.C. § 1367(a). 28 U.S.C. § 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such

supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

39.    The Court has supplemental jurisdiction over all alleged California Labor Code violations in this case, because 1) complete diversity is present, 2) Ley places more than $75,000 in controversy, and 3) all of the alleged violations in Ley's complaint emanate from and form part of the same "case or controversy" such that they should all be tried in one action. *See Nishimoto v. Federman-Backrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims pleaded in the complaint. *See Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994); *see also Pinnock v. Solana Beach Do It Yourself Dog Wash, Inc.*, 2007 WL 1989635, at *3 (S.D. Cal. 2007).

40.    None of the exceptions to supplemental jurisdiction found in 28 U.S.C. § 1332(c) are applicable to this case. Ley's claims do not raise novel or complex issues of state law, the alleged California Labor Code violations against Ley do not substantially predominate over the other allegations, no claims have been entirely dismissed, and there are no exceptional circumstance or compelling reasons for declining jurisdiction. The exceptions enumerated in 28 U.S.C. § 1332(c) are the exclusive grounds under which the Court may decline to exercise supplemental jurisdiction. *Exec. Software N. Am. v. United States Dist. Court,* 24 F.3d 1545, 1556 (9th Cir. 1994).

41.    For these reasons, the Court has supplemental jurisdiction over the claim or allegation for which original jurisdiction is lacking.

## VI.    TIMELINESS OF REMOVAL

42.    Under 28 U.S.C. § 1446(b)(1), a notice of removal is timely if it is filed with 30 days of service on the defendant of a copy of the summons or initial pleading setting forth the claim for relief upon which the removed action is based. The 30 day window does not begin to run until formal service of a summons and complaint is complete, even if the removing defendant received a copy of the summons and complaint earlier. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Ace was served on January 31, 2022, when its counsel executed an acknowledgement of receipt of the complaint and summons. Cal. Civ. Proc. Code § 415.30(c) ("Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if

such acknowledgment thereafter is returned to the sender.").  This notice of removal is filed within 30 days of January 31, 2022, and is therefore timely.

**VII.    VENUE**

43.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(b), and 1391.

**VIII.    NOTICE TO PLAINTIFFS AND STATE COURTS**

44.    This Notice of Removal will be promptly served on Ley and filed with the Clerk of the Superior Court of the State of California in and for the County of Sacramento.

45.    In compliance with 28 U.S.C. §1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Ace are attached hereto as Exhibits.  The Exhibits are as follows:

Exhibit 1: Ley's Complaint, filed December 15, 2021

Exhibit 2: Civil Cover Sheet, filed December 15, 2021

Exhibit 3: Order Re: Delay in Scheduling Initial Case Management Conference, filed December 15, 2021

Exhibit 4: Summons, issued on December 17, 2021

Exhibit 5: Notice and Acknowledgment of Receipt, mailed to Ace by Ley on January 12, 2022

Exhibit 6: Alternative Dispute Resolution Information Package, mailed to Ace by Ley on January 12, 2022

Exhibit 7: Proposed Stipulation and Order to Mediation, mailed to Ace by Ley on January 12, 2022

Exhibit 8: Program Case Notice, mailed to Ace by Ley on January 12, 2022

Exhibit 9: Signed Notice and Acknowledgment of Receipt, executed by counsel for Ace and filed on January 31, 2022

Exhibit 10: Proof of Service of Summons, filed January 31, 2022

Exhibit 11: Ace's Answer to Ley's Complaint, filed March 1, 2022.

WHEREFORE, having provided notice as is required by law, the above-entitled action is removed from the Superior Court for the County of Sacramento to the United States District Court for the Eastern District of California.

1

2   Dated:  March 2, 2022                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                                          By: _____
                                                        /s/ Brooke S. Purcell
5                                                   BROOKE S. PURCELL
                                                      JOHN D. ELLIS
6                                                      LUIS ARIAS
                                                  SHAYLA M. GRIFFIN
7
                                                 Attorneys for Defendant
8                                            ACE HARDWARE CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

# EXHIBIT 1

FILED
Superior Court Of California,
Sacramento
12/15/2021
ddonkln
By_____, Deputy
Case Number:
34-2021-00312661

**GRAHAMHOLLIS** APC
Graham S.P. Hollis (SBN 120577)
ghollis@grahamhollis.com
Vilmarie Cordero (SBN 268860)
vcordero@grahamhollis.com
Hali M. Anderson (SBN 261816)
handerson@grahamhollis.com
David X. Lin (SBN 312350)
dlin@grahamhollis.com
3555 Fifth Avenue, Suite 200
San Diego, California 92103
Telephone: 619.692.0800
Facsimile: 619.692.0822

*Attorneys for Plaintiff Bennett Ley and All*
*Aggrieved Employees*

FILED BY FAX

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| BENNETT LEY, in his representative capacity, on behalf of the State of California, the general public and all aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>ACE HARDWARE CORPORATION, a Delaware Corporation, authorized to do business in California; and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No.:_____<br><br>**REPRESENTATIVE ACTION FOR CIVIL PENALTIES PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (Labor Code §§ 2698 *et seq.*)** |

Plaintiff Bennet Ley ("Plaintiff") brings this representative enforcement action in his representative capacity against Defendant ACE HARDWARE CORPORATION, and DOES 1 through 50, inclusive (collectively, "ACE HARDWARE" or "Defendants"), on the following grounds:

### INTRODUCTION

1. Plaintiff brings this representative enforcement action under the Private Attorneys General Act of 2004 (codified in California Labor Code §§ 2698 *et seq.*, "PAGA") on behalf of himself and all other current or former non-exempt employees of ACE HARDWARE in the state

1  of California during the relevant time period who received commissions, shift differentials, or
2  other non-discretionary compensation and such compensation was not included in the regular rate
3  of pay for purposes of calculating overtime and premium wages (referred to herein as "Aggrieved
4  Employees").

5       2.      Plaintiff alleges that during the relevant time period Defendants engaged wage and
6  hour violations under the California Labor Code ("Labor Code") and the Industrial Welfare
7  Commission ("IWC") Wage Orders by, among other things:

8           a.     Failing to timely pay all minimum and/or regular wages during employment;

9           b.     Failing to timely pay all overtime wages during employment;

10          c.     Failing to timely pay premium wages for non-compliant meal periods during
11                 employment;

12          d.     Failing to timely pay premium wages for non-compliant rest periods during
13                 employment;

14          e.     Failing to timely pay all wages due and owing during employment and at the
15                 time of separation and/or the required waiting time penalties;

16          f.     Failing to furnish accurate itemized wage statements;

17          g.     Failing to maintain accurate employment, time and/or payroll records;

18      3.      By and through this representative enforcement action, Plaintiff seeks to recover all
19  available remedies including, but not limited to, civil penalties, reasonable attorneys' fees and
20  litigation costs, as provided under California law.

21      4.      All allegations in this Compliant are based upon information and belief except those
22  allegations specifically pertaining to Plaintiff and/or his counsel, which are based upon personal
23  knowledge. Each allegation in this Compliant has evidentiary support and/or is likely to have
24  evidentiary support after reasonable opportunity for further investigation and formal discovery.

25                          **JURISDICTION AND VENUE**

26      5.      This Court has jurisdiction over this action pursuant to California Code of Civil
27  Procedure ("Code of Civil Procedure") § 410.10 and Labor Code §§ 2698 *et seq*. Pursuant to §§
28  2698 *et seq*., Plaintiff brings this action, in his representative capacity, on behalf of himself and

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1 all other Aggrieved Employees.

2     6.    This Court has personal jurisdiction over Defendant because Defendant conducts
3 business in the state of California and has caused injuries in the county of Sacramento, as well as
4 throughout the state of California, through its acts, omissions, and violations of the Labor Code
5 and relevant IWC Wage Order.

6     7.    Venue as to Defendants is proper in this judicial district pursuant to Code of Civil
7 Procedure §§ 395(a) and 395.5. Defendants transacts business in the county of Sacramento and is
8 otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts
9 alleged herein have a direct effect on Plaintiff and all other Aggrieved Employees within the
10 county of Sacramento and throughout the state of California.

11 **THE PARTIES**

12 **I.**    **PLAINTIFF**

13     8.    Plaintiff Bennett Ley at all material times mentioned herein:

14     a.    Was and is a resident of the county of Roseville, California;

15     b.    Was employed by and/or otherwise performed work for ACE
16         HARDWARE from approximately September 19, 2020 to August 20,
17         2021;

18     c.    Engaged in work for ACE HARDWARE in the County of Sacramento,
19         California;

20     d.    Was classified by ACE HARDWARE as a non-exempt employee for
21         purposes of the Labor Code and the IWC Wage Orders;

22     e.    Earned an hourly wage;

23     f.    Was to be paid on a weekly basis;

24     g.    Consistently worked overtime and has received meal period premiums;

25     h.    Received differential pay for working second and third shift, forklift
26         premiums, and was paid incentives based on production;

27     i.    Is an "aggrieved employee" within the meaning of Labor Code § 2699(c);
28         and

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92103

3
**COMPLAINT FOR CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT**

1          j.     Has complied with all requirements outlined in Labor Code §§ 2698 *et seq*.

2  **II.     DEFENDANTS**

3          9.     Defendant ACE HARDWARE is a corporation that is authorized to do business,
4  and is actually doing business, in the state of California. ACE HARDWARE operates 5,000 stores
5  all across the United States. ACE HARDWARE is a hardware retail cooperative that sells
6  home products and tools.

7          10.    The true names and capacities, whether individual, corporate, subsidiary,
8  partnership, associate, or otherwise of defendant Does 1 through 50, inclusive, are unknown to
9  Plaintiff, who therefore sues these defendants by such fictitious names pursuant to Code of Civil
10  Procedure § 474. Plaintiff will amend this Complaint, setting forth the true names and capacities
11  of these fictitiously named defendants when their true names are ascertained. Plaintiff is informed
12  and believes, and on that basis alleges, that each of the fictitious defendants have participated in
13  the acts and/or omissions alleged in this Complaint.

14          11.    At all times mentioned herein, the acts alleged to have been done and/or caused by
15  each named defendant is also alleged to have been done and/or caused by each of the fictitiously
16  named defendants, and by each of their agents and/or employees who acted within the scope of
17  their agency and/or employment.

18          12.    At all times mentioned herein, each defendant, including each fictitiously named
19  defendant, is believed to have acted individually or as an officer, agent, or employee of the other
20  defendants.

21          13.    At all times mentioned herein, each defendant, including each fictitiously named
22  defendant, acted as an agent, servant, employee, co-conspirator, and/or alter-ego of each of the
23  other defendants, and in doing the things alleged herein acted within the course and scope of such
24  agency, employment, alter-ego and/or in furtherance of a joint venture and/or integrated
25  enterprise.

26          14.    At all times mentioned herein, the acts and/or omissions of each of the defendants,
27  including each fictitiously named defendant, concurrently contributed to the various acts and/or
28  omissions of each and every one of the other defendants, including each fictitiously named

1 defendant, in proximately causing the wrongful conduct, harm, and/or damages alleged herein.
2 Each of the defendants, including each fictitiously named defendant, approved of, condoned,
3 and/or otherwise ratified each and every one of the acts and/or omissions complained herein. Each
4 defendant, including each fictitiously named defendant, was and is acting with authority of each
5 and every other defendant and/or are acting as agents of each and every other defendant or Doe
6 defendant.

7     15. At all times mentioned herein there was a unity of interest and ownership between
8 each defendant, including each fictitiously named defendant, such that all defendants acted as a
9 single employer of Plaintiff and all other Aggrieved Employees.

10     16. At all times mentioned herein, each defendant, including each fictitiously named
11 defendant, exercised supervision and control over the wages, hours, and/or working conditions of
12 Plaintiff and all other Aggrieved Employees, including, but not limited to, implementing standard
13 policies and procedures.

14     17. At all times mentioned herein, each defendant, including each fictitiously named
15 defendant, caused Aggrieved Employees, including Plaintiff, to work and/or prevented Plaintiff
16 and other Aggrieved Employees from working.

17     18. At all times mentioned herein, each defendant, including each fictitiously named
18 defendant, had control over Aggrieved Employees.

19     19. Each defendant, including each fictitiously named defendant, is alleged to have
20 caused each of the violations alleged herein.

21     20. Each defendant, including each fictitiously named defendant, is jointly and severally
22 liable for each of the violations alleged herein.

23 **FACTUAL ALLEGATIONS**

24     21. Plaintiff realleges and incorporates by reference, as though fully set forth herein, all
25 paragraphs of this Complaint.

26     22. Plaintiff was employed by, or otherwise performed work for, ACE HARDWARE
27 from about September 19, 2020 through and including to August 20, 2021. Plaintiff performed
28 work as a Warehouse Specialist at the Sacramento, CA distribution center. As a Warehouse

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1 Specialist, Plaintiff's job duties consisted of ensuring that the daily functions and procedures of
2 the distribution centers for manufacturers and retailers run smoothly and efficiently. Warehouse
3 Specialists duties revolve around shipping, receiving, maintaining inventory, fulfilling orders,
4 packaging items for shipment, and arranging delivery pickups, among other things. At all times
5 during his employment, Plaintiff was classified by Defendants as a non-exempt employee, earned
6 an hourly wage, and was paid on a weekly basis. In addition to his hourly rate of pay, Plaintiff
7 received differential pay for working second and third shift, received forklift premiums, and was
8 paid incentives based on production. Defendant also utilized an incentive program where
9 employees earned additional compensation based on tasks completed. Each task was timed, and
10 if employees completed the tasks under the assigned time, employees earned the difference in
11 time as additional compensation. Plaintiff worked approximately 50 hours a week, Sunday
12 through Thursday, working overtime nearly every day.

13     23.     Plaintiff asserts that ACE HARDWARE has employed, and will continue to
14 employ, other Aggrieved Employees throughout the state of California. Plaintiff alleges that
15 Aggrieved Employees are categorized as non-exempt employees who are paid an hourly wage
16 and who receive commissions, shift differentials, or other non-discretionary compensation and
17 such compensation was not included in the regular rate of pay for purposes of calculating overtime
18 and premium wages.

19     24.     Plaintiff contends that he and all other Aggrieved Employees were subject to, and
20 continue to be subject to, the same and/or similar policies, practices, procedures, guidelines,
21 and/or culture described herein.

22     25.     Plaintiff further alleges that he and all other Aggrieved Employees have suffered,
23 and will continue to suffer, the same and/or similar violations of law described herein.

24     26.     Plaintiff alleges that ACE HARDWARE had, and continues to have, a policy,
25 practice, procedure, guideline, and/or culture of failing to timely pay all minimum and/or regular
26 wages at least twice per calendar month on the dates designated in advance by ACE HARDWARE
27 during employment.

28

27. Plaintiff also alleges that ACE HARDWARE had, and continues to have, a policy, practice, procedure, guideline, and/or culture of failing to pay all overtime wages no later than the pay day for the next regular payroll period during employment.

28. As set forth above, Plaintiff and other Aggrieved Employees do not receive all wages owed to them because ACE HARDWARE fails to include the additional forms of compensation in the calculation of the regular rate of pay for purposes of paying overtime; and paying meal and rest break premiums. Thus, ACE HARDWARE fails to pay Plaintiff and other Aggrieved Employees all minimum, regular, and overtime wages, as required by law. Plaintiff will pursue all available remedies for ACE HARDWARE's violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

29. Plaintiff alleges that ACE HARDWARE had, and continues to have, a policy, practice, procedure, guideline, and/or culture of failing to timely pay accurately calculated premium wages for non-compliant meal and rest periods during employment.

30. As set forth above, ACE HARDWARE failed to pay Plaintiff and, on information and belief, other Aggrieved Employees one-hour of premium wages (including all forms of nondiscretionary pay) for each day a compliant meal break was not provided and one-hour of premium wages for each day a compliant rest period was not authorized or permitted.

31. Plaintiff alleges that ACE HARDWARE had, and continues to have, a policy, practice, procedure, guideline, and/or culture of failing to timely pay all wages due and owing at the time of separation and/or the required waiting time penalties.

32. As set forth above, ACE HARDWARE violated these Labor Code sections by not paying to Plaintiff and, on information and belief, other Aggrieved Employees all minimum, regular, and overtime wages, and meal and rest break premium wages, within the required time during, and upon separation of, their employment. As a result of ACE HARDWARE's failure to comply with the aforementioned Labor Code provisions, ACE HARDWARE owes waiting time penalties to Plaintiff and, on information and belief, other Aggrieved Employees, which they have not yet paid.

33.     Plaintiff alleges that ACE HARDWARE had, and continues to have, a policy, practice, procedure, guideline, and/or culture of failing to furnish accurate itemized wage statements.

34.     As set forth above, ACE HARDWARE failed to provide Plaintiff and, on information and belief, other Aggrieved Employees with accurate itemized wage statements that comply with the requirements of the Labor Code because the wage statements issued do not include the correct amount of gross and net wages earned, and the correct applicable hourly rates and the corresponding number of hours worked at each hourly rate. The wage statements issued also do not reflect the correct meal and break premiums due to the Company's failure to include all additional forms of compensation in the calculation of the regular rate of pay for calculating meal and rest break premiums.

35.     Plaintiff alleges that ACE HARDWARE had, and continues to have, a policy, practice, procedure, guideline, and/or culture of failing to maintain accurate employment, time, and/or payroll records.

36.     As set forth above, ACE HARDWARE violated these requirements by failing to accurately record employee hours worked including, but not limited to, failing to record the correct applicable rates of pay, and the actual wages earned and paid. The failure to maintain accurate records deprived Plaintiff and other Aggrieved Employees of the ability to know, understand, and question the calculation, rate of pay, and hours used to calculate the wages paid to them by ACE HARDWARE.

37.     On October 8, 2021, Plaintiff submitted written notice to the California Labor and Workforce Development Agency ("LWDA") and ACE HARDWARE as required by the PAGA, informing them of the alleged violations of the Labor Code. A true and correct copy of the October 8, 2021 written notice is attached hereto as **Exhibit 1** and is incorporated herein by reference.

38.     To date, more than 65 days after submission of Plaintiff's written notice, the LWDA has not provided notice of its intent to investigate Plaintiff's alleged violations of the Labor Code.

1    39.    Plaintiff further believes that additional violations may be discovered and therefore
2 reserves her right to allege additional violations of the law as investigation and discovery warrants.
3 In the event Plaintiff discovers additional violations, Plaintiff will seek to amend the operative
4 complaint as necessary.

## PAGA DESIGNATION

6    40.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, all
7 paragraphs of this Complaint.

8    41.    By and through this representative action, Plaintiff intends to represent the
9 following aggrieved employees:

> All other current or former non-exempt employees of ACE
> HARDWARE in the state of California during the relevant time
> period who received commissions, shift differentials, or other non-
> discretionary compensation and such compensation was not included
> in the regular rate of pay for purposes of calculating overtime and
> premium wages, during the period commencing on the date that is
> within one year and sixty-five days prior to the filing of this Complaint
> through and including the last date of trial (hereinafter the "PAGA
> Period"). To the extent that California Rules of Court, Appendix I,
> Emergency Rule 9 and/or equitable tolling operates to toll the claims
> by the PAGA class against Defendants, the PAGA Period should be
> adjusted accordingly.

17    42.    Aggrieved Employees are all "employees" as the term is used in the Labor Code
18 and the IWC Wage Orders regulating wages, hours, and working conditions in the state of
19 California.

20    43.    A more precise definition of the aggrieved employees may be determined after
21 further investigation and discovery. Plaintiff reserves his right to redefine the group of aggrieved
22 employees as permitted by California law.

23    44.    Pursuant to Labor Code §§ 2698 *et seq.*, any provision of the Labor Code that
24 provides for a civil penalty to be assessed and collected by the LWDA or any of its departments,
25 divisions, commissions, boards, agencies or employees for violation of the code may, as an
26 alternative, be recovered through a civil action brought by an aggrieved employee on behalf of
27 himself or herself and other current or former employees pursuant to the procedures specified in
28 Labor Code § 2699.3.

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

45.     Pursuant to the PAGA all civil penalties recovered must be allocated seventy-five percent (75%) to the LWDA and twenty-five percent (25%) to the aggrieved employees, pursuant to Labor Code § 2699(i).

46.     During all, or a portion of, the one-year and sixty-five day period before Plaintiff filed notice of his claims with LWDA, ACE HARDWARE was Plaintiff's and all other Aggrieved Employees employer or person acting on behalf of Aggrieved Employees employer, either individually or as an officer, agent, or employee of another person, within the meaning of Labor Code §§ 558(a) and 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by California state law, and as such, is subject to civil penalties for each underpaid employee, as well as liquidated damages pursuant to Labor Code § 1194.2, and any applicable penalties imposed pursuant to Labor Code § 203.

47.     Plaintiff is an "aggrieved employee" under the PAGA because he was employed by the alleged violator, ACE HARDWARE, and experienced one or more of the alleged violations committed against her, and therefore is properly suited to represent the interests of other Aggrieved Employees. (See *Huff v. Securitas Security Services, USA, Inc.* (2018) 23 Cal.App.5th 745, 751, 761; *Carrington v. Starbucks Corp.* (2018) 30 Cal.App.5th 504, 519.)

48.     Plaintiff alleges that all other all other current and former non-exempt employees of ACE HARDWARE in the state of California during the relevant time period who received commissions, shift differentials, or other non-discretionary compensation and such compensation was not included in the regular rate of pay for purposes of calculating overtime and premium wages, are also "aggrieved employees" under the PAGA as ACE HARDWARE employed them and all Aggrieved Employees experienced one or more of the alleged violations outlined herein.

49.     Pursuant to Labor Code §§ 2698 *et seq.*, Plaintiff has exhausted his administrative remedies because he complied with the notice requirements outlined in Labor Code § 2699.3. On October 8, 2021, Plaintiff submitted notice to the LWDA and ACE HARDWARE informing them of ACE HARDWARE's alleged Labor Code violations pursuant to the PAGA. (See Exh. 1.) Pursuant to the PAGA, the LWDA had 65 days to provide notice of whether it intended to investigate the alleged violations. To date, the LWDA has not provided notice its intent to

1 investigate the alleged violations. Plaintiff thus has the right to pursue, and does pursue, the
2 asserted claims under PAGA in a representative capacity pursuant to Labor Code §§ 2698 *et seq*.

3       50.     As set forth herein, ACE HARDWARE has committed, and continues to commit,
4 numerous violations for which the Labor Code and applicable IWC Wage Order entitles Plaintiff,
5 in her representative capacity, to recover, on behalf of himself, all other Aggrieved Employees,
6 the state of California, and the general public, civil penalties as well as attorneys' fees and costs
7 from ACE HARDWARE for the alleged violations, described herein.

8       51.     Labor Code § 2699(f) imposes a civil penalty of $100 per pay period, per employee
9 for the initial violation, and $200 per pay period, per employee for each subsequent violation for
10 all Labor Code provisions for which a civil penalty is not specifically provided, including, but not
11 limited to, Labor Code §§ 201, 202, 203, 204, 210, 218.5, 218.6, 223, 225.5, 226, 226.3, 226.7,
12 248.5, 510, 512, 558, 558.1, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, and 1198. Plaintiff and
13 other Aggrieved Employees are entitled to, and therefore seek, the civil penalties described in
14 Labor Code § 2699(f) for the violations of law described herein.

15       52.     Labor Code § 2699(g)(1) provides that an employee who prevails in a civil action
16 brought pursuant to the PAGA shall be entitled to an award of reasonable attorneys' fees and
17 costs. As such, Plaintiff, in his representative capacity on behalf of himself and all other Aggrieved
18 Employees, is entitled to, and therefore seeks, attorneys' fees and costs.

19       53.     Plaintiff expressly disclaims the recovery of any "amount sufficient to recover
20 underpaid wages" on behalf himself and all other Aggrieved Employees.

21                              **CAUSES OF ACTION**

22                           **FIRST CAUSE OF ACTION**

23       **(By Plaintiff, in his Representative Capacity, against Defendant and Does 1-50)**

24              **PRIVATE ATTORNEYS GENERAL ACT OF 2004**

25                          [Labor Code §§ 2698 *et seq*.]

26       54.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, all
27 paragraphs of this Complaint.

28

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE, SUITE 200
SAN DIEGO, CALIFORNIA 92103

1       55.     Plaintiff, in his representative capacity on behalf of himself and all other Aggrieved
2 Employees, is entitled to and thus seeks to recover civil penalties through a representative
3 enforcement action based on violations of the following Labor Code and/or IWC Wage Order
4 provisions:

          a.     Failing to timely pay all minimum and/or regular wages during employment
              in violation of Labor Code §§ 204, 210, 1194, 1194.2, 1197, 1197.1, 1198
              and IWC Wage Order #-2001;

          b.     Failing to timely pay all overtime wages during employment Labor Code §§
              204, 210, 510, 558, 1194, 1198 and IWC Wage Order #-2001;

          c.     Failing to timely pay accurate premium wages for non-compliant meal
              periods during employment in violation of Labor Code §§ 204, 226.7, 512,
              558, 1198 and the "Meal Periods" section of IWC Wage Order #-2001;

          d.     Failing to timely pay accurate premium wages for non-compliant rest periods
              during employment in violation of Labor Code §§ 204, 226.7, 1198 and the
              "Rest Periods" section of IWC Wage Order #-2001;

          e.     Failing to timely pay all wages due and owing at the time of separation and/or
              the required waiting time penalties in violation of Labor Code §§ 201-203
              and 210;

          f.     Failing to furnish accurate itemized wage statements in violation of Labor
              Code §§ 226, 226.3, and the "Records" section of IWC Wage Order #-2001;

          g.     Failing to maintain accurate employment, time, and/or payroll records in
              violation of Labor Code §§ 226, 1174, 1174.5 and the "Records" section of
              IWC Wage Order #-2001;

24       56.     Labor Code § 98.6(a)(3) provides that "[i]n addition to other remedies available, an
25 employer who violates this section is liable for a civil penalty not exceeding ten thousand dollars
26 ($10,000) per employee for each violation of this section, to be awarded to the employee or
27 employees who suffered the violation." Plaintiff, in his representative capacity on behalf of
28 himself and all other Aggrieved Employees, is entitled to, and therefore seeks, the civil penalty

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

**COMPLAINT FOR CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT**

1    imposed by Labor Code § 98.6(a)(3).

2        57.    Labor Code § 210 provides that any person who fails to pay wages as provided in
3    Labor Code §§ 201.3, 203, 204, 204(b), 204.1, 204.2, 205, 205.5, and 1197.5 shall be subject to a
4    civil penalty of $100 for any initial violation for each failure to pay each employee and for each
5    subsequent violation, or any willful or intentional violation $200 for each failure to pay each
6    employee, plus 25% of the amount unlawfully withheld, in addition to any other penalty. Plaintiff,
7    in his representative capacity on behalf of himself and all other Aggrieved Employees, is entitled
8    to, and therefore seeks, the civil penalty imposed by Labor Code § 210.

9        58.    Labor Code § 225.5 provides that "every person who unlawfully withholds wages
10   due to any employee in violation of Section 212, 216, 221, 222, or 223 shall be subject to a civil
11   penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay
12   each employee. (b) For each subsequent violation, or any willful or intentional violation, two
13   hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount
14   unlawfully withheld." Plaintiff, in his representative capacity on behalf of himself and all other
15   Aggrieved Employees, is entitled to, and therefore seeks, the civil penalty imposed by Labor Code
16   § 225.5.

17       59.    Labor Code § 226.3 imposes a civil penalty of $250 per employee per violation for
18   an initial citation and $1,000 per employee for each violation in a subsequent citation, for which
19   the employer fails to provide the employee a wage deduction statement or fails to keep the records
20   required in section 226(a), this civil penalty in addition to any other penalty provided by law.
21   Plaintiff, in his representative capacity on behalf of himself and all other Aggrieved Employees,
22   is entitled to, and therefore seeks, the civil penalty imposed by Labor Code § 226.3.

23       60.    For violations of Labor Code §§ 510 and 512, in addition to any other recovery
24   provided by law, Labor Code § 558 imposes a civil penalty of $50 per pay period for each
25   underpaid employee for the initial violation and $100 per pay period for each underpaid employee
26   for each subsequent violation of any section of Labor Code Division 2, Part 2, Chapter 1, or any
27   provision regulating hours and days of work in any order of the IWC. Plaintiff, in his
28   representative capacity on behalf of himself and all other Aggrieved Employees, is entitled to, and

1    therefore seeks, the civil penalty imposed by Labor Code § 558.

2    61.    Labor Code § 1174.5 imposes a civil penalty of $500 for an employer's failure to
3    maintain accurate and complete records. This civil penalty is in addition to the civil penalty of
4    $100 per pay period, per aggrieved employee that would be imposed pursuant to Labor Code §
5    2699 for a violation of Labor Code § 1174(d). Plaintiff, in his representative capacity on behalf
6    of himself and all other Aggrieved Employees, is entitled to, and therefore seeks, the civil penalty
7    imposed by § 1174.5.

8    62.    Labor Code § 1197.1 imposes a civil penalty of $100 for each underpaid employee
9    for each pay period for which the employee is underpaid and a subsequent civil penalty of $250
10   for each underpaid employee for each pay period for which the employee is underpaid for paying
11   or causing an employee to be paid a wage less than the minimum wage. Plaintiff, in his
12   representative capacity on behalf of himself and all other Aggrieved Employees, is entitled to, and
13   therefore seeks, the civil penalty imposed by Labor Code § 1197.1.

14   63.    Labor Code § 2699(f) imposes a civil penalty of $100 per pay period, per employee
15   for the initial violation, and $200 per pay period, per employee for each subsequent violation for
16   all Labor Code provisions for which a civil penalty is not specifically provided, including, but not
17   limited to, Labor Code §§ 201, 202, 203, 204, 210, 218.5, 218.6, 223, 225.5, 226, 226.3, 226.7,
18   248.5, 510, 512, 558, 558.1, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, and 1198. Plaintiff, in his
19   representative capacity on behalf of himself and all other Aggrieved Employees, is entitled to, and
20   therefore seeks, the civil penalty imposed by Labor Code § 2699(f).

21   64.    Labor Code § 2699(g)(1) provides that an employee who prevails in a civil action
22   brought pursuant to the PAGA shall be entitled to an award of reasonable attorneys' fees and
23   costs. As such, Plaintiff, in his representative capacity on behalf of himself and all other Aggrieved
24   Employees, is entitled to, and therefore seeks, attorneys' fees and costs.

25   65.    Plaintiff, in his representative capacity on behalf of himself and all other Aggrieved
26   Employees, is entitled to and seeks recovery of reasonable attorneys' fees as provided by Labor
27   Code § 218.5 and Code of Civil Procedure § 1021.5.

28

66.     Plaintiff, in his representative capacity on behalf of himself and all other Aggrieved Employees, requests further relief as described in the below prayer for relief.

## PRAYER FOR RELIEF

Plaintiff, in his representative capacity, prays for judgment against Defendant(s) and in favor of the state of California, Plaintiff, and all other Aggrieved Employees as follows:

a.     For any and all civil penalties available for the Labor Code violations alleged herein including, but not limited to, civil penalties under Labor Code §§ 201, 202, 203, 204, 210, 218.5, 218.6, 223, 225.5, 226, 226.3, 226.7, 248.5, 510, 512, 558, 558.1, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, and 1198, 2699(f) and/or other applicable law;

b.     For an order determining that Plaintiff is entitled to recover a civil penalty of $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation as provided in Labor Code § 2699(f);

c.     For reasonable attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, Labor Code §§ 210, 218.5, 218.6, 225.5, 226(e), 248.5, 558, 1194, 1194.2, 1197.1 and 2699(g)(1), Code of Civil Procedure § 1021.5, and the "common fund" theory, the "substantial benefit" theory, the "catalyst" theory and/or other applicable law; and

d.     For any and all other relief as this Court deems proper and just and is available under Labor Code §§ 2698 *et seq*.

Dated: December 15, 2021                          **GRAHAMHOLLIS APC**

By: _____
Graham S.P. Hollis
Vilmarie Cordero
Hali M. Anderson
David X. Lin
*Attorneys for Plaintiff Bennett Ley and All Aggrieved Employees*

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

**COMPLAINT FOR CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT**

# EXHIBIT 1



October 8, 2021

Attorneys at Law

3555 Fifth Avenue Suite 200
San Diego, California 92103
619.692.0800 voice
619.692.0822 fax

www.grahamhollis.com

Hali Anderson
handerson@grahamhollis.com
619.274.8225 direct

**VIA ONLINE ELECTRONIC FILING**

California Labor and Workforce
Development Agency
Attn: PAGA Administrator
1515 Clay Street, Suite 801
Oakland, CA 94612

**CERTIFIED MAIL (RETURN RECEIPT)**

Ace Hardware Corporation
Attn: Brooke Purcell
SheppardMullin
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111

> Re:    Bennett Ley's Wage and Hour Claims Against Ace Hardware
>        Corporation

Dear Labor and Workforce Development Agency, and Ace Hardware Corporation:

Please be advised that Bennett Levy ("Claimant") has retained our firm to represent him for claims against his employer Ace Hardware Corporation ("the Company").

This letter shall serve as Claimant's written notice to the Labor and Workforce Development Agency ("LWDA") and the Company of the alleged Labor Code violations Claimant claims that the Company committed against him and all other aggrieved employees in California. Claimant provides this notice in accordance with the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code § 2699.3. Claimant desires to file a civil action to enforce his rights under the Labor Code and seek compensation accordingly.

Pursuant to Labor Code § 2699(a), and by way of this letter, Claimant also intends to represent all other current and former aggrieved employees who performed work for the Company in California and who have suffered at least one of the wage and hour violations described herein during their employment.

Graham S.P. Hollis

Vilmarie Cordero

Nathan Reese

Hali Anderson

David Lin

Erik Dos Santos

Alex Kuner

Monique Rodriguez

Alyssa Smith

*Provisionally Licensed Lawyer

October 8, 2021
Page 2



## FACTUAL BACKGROUND

The Company is a Delaware corporation operating and doing business in the state of California, with 5,000 stores all across the United States. The Company is a hardware retail cooperative that sells home products and tools.

Claimant is a former non-except employee of the Company, who was employed as a warehouse specialist from September 19, 2020, through August 20, 2021, at the distribution center in Sacramento, CA. When Claimant began his employment, he was compensated at an hourly rate of $16.75. By the end of his employment, however, Claimant was compensated at a rate of $20.25. In addition to his hourly rate of pay, Claimant received differential pay for working second and third shift, received forklift premiums, and was paid incentives based on production. The Company utilizes an incentive program where employees earned additional compensation based on tasks completed. Each task was timed, and if employees completed the tasks under the assigned time, employees earned the difference in time as additional compensation. Claimant worked approximately 50 hours a week, Sunday through Thursday, working overtime approximately every day.

The Company denied Claimant and, on information and belief, other aggrieved employees in California specific rights afforded to them under the California Labor Code and the applicable Industrial Welfare Commission Wage Order. For example, the Company failed to timely pay them all minimum, regular, and overtime wages owed and failed to pay them with legally compliant meal and rest break premiums by failing to properly calculate the regular rate of pay to include the incentive payments and other nondiscretionary compensation.

As a direct result of the Company's illegal policies and procedures, the Company failed to maintain accurate records reflecting all of Claimant's and, on information and belief, other aggrieved employees' time worked and wages paid, in violation of California law. In addition, the wage statements issued by the Company do not include the correct total regular and overtime hours worked, the correct amount of gross and net wages earned, the correct amount of hourly wages earned, and the correct applicable hourly rates and the corresponding number of hours worked at each hourly rate, as required under Labor Code section 226.

Lastly, as a direct result of the aforementioned Labor Code violations, the Company failed to timely pay Claimant and, on information and belief, all aggrieved employees all wages due and payable during and upon separation of employment, including minimum, regular, and overtimes wages for all hours worked, and meal and rest period premium wages, as required pursuant to Labor Code sections 201, 202 and 204.

Due to the foregoing Labor Code violations, the Company denied Claimant, and, on information and belief, other aggrieved employees certain rights afforded them under the California Labor Code and IWC Wage Orders. Claimant makes this claim against the Company on behalf of himself and all other aggrieved current and former employees of the Company in California.



## FAILURE TO PAY MINIMUM, REGULAR, AND OVERTIME WAGES

(Labor Code sections 223, 225.5, 510, 558, 1194, 1194.2, 1197, 1197.1, 1198 and the
"Minimum Wages" and "Hours and Days of Work" sections of the Applicable IWC Wage Order)

Labor Code section 1197 states, "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful." Labor Code section 1197.1 provides that, "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203..." Section 1198 states, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

Labor Code section 510 states, "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." The "Hours and Days of Work" and "Minimum Wages" sections of the applicable IWC Wage Order mandate the same requirements.

Labor Code section 1194(a) states, "…any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon are provided for under Labor Code section 1194.2.

Labor Code section 223 states, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract." Labor Code section 225.5 provides that, "…every person who unlawfully withholds wages due any employee in violation of Section …223 shall be subject to a civil penalty" of $100 for each initial violation and $200 plus 25% of the amount unlawfully withheld for a subsequent violation.

As set forth above, Claimant and other aggrieved employees do not receive all wages owed to them because the Company fails to include the additional forms of compensation in the calculation of the regular rate of pay for purposes of paying overtime; and paying meal and rest break premiums. Thus, the Company fail to pay Claimant and other aggrieved employees all minimum, regular, and overtime wages, as required by law. Claimant will pursue all available remedies for the Company's violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

October 8, 2021
Page 4



## FAILURE TO PROVIDE COMPLIANT MEAL PERIODS AND REST PERIOD PREMIUMS
(Labor Code sections 226.7, 512, 558, 1198 and the "Meal Periods" and
"Rest Periods" sections of the Applicable IWC Wage Order)

Labor Code section 226.7(b) states, "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission…" Labor Code section 226.7(c) states, "[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law… the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

Labor Code section 512(a) states, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" and "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes."

The "Meal Periods" section of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time." Furthermore, "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

The "Rest Periods" section of the applicable IWC Wage Order states: "[e]very employer shall authorize and permit employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof." Furthermore, "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

Labor Code section 1198 states, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

As set forth above, the Company failed to pay Claimant and, on information and belief, other aggrieved employees one-hour of premium wages (including all forms of nondiscretionary pay) for each day a compliant meal break was not provided and one-hour of premium wages for each day a compliant rest period was not authorized or permitted. Claimant will pursue all available remedies for the

October 8, 2021
Page 5



Company's violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## FAILURE TO MAINTAIN ACCURATE RECORDS
(Labor Code sections 1174, 1174.5, and 1198, and
the "Records" section of the Applicable IWC Wage Order)

Labor Code section 1174 states, "[e]very person employing labor in this state shall… [k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, …, employees employed at the respective plants or establishments."

The "Records" section of the applicable IWC Wage Order states that every employer shall keep accurate information with respect to each one of its employees, including time records showing when the employee begins and ends each work period, meal periods, total daily hours worked, total wages paid each payroll period, and total hours worked in the payroll period and applicable rates of pay.

Labor Code section 1174.5 imposes a civil penalty of $500 for an employer's failure to maintain accurate and complete records. This civil penalty is in addition to the civil penalty of $100 per pay period, per aggrieved employee that would be imposed pursuant to Labor Code section 2699 for a violation of Labor Code section 1174(d).

As set forth above, the Company violated these requirements by failing to accurately record employee hours worked including, but not limited to, the Company's failure to record the proper beginning and end of each work period, the meal periods, the total hours worked during the pay period, the applicable rates of pay, and the actual wages earned and paid. The failure to maintain accurate records deprived Claimant of the ability to know, understand, and question the calculation, rate of pay, and hours used to calculate the wages paid to him by the Company. Claimant will pursue all available remedies for the Company's violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
(Labor Code sections 226, 226.3, and 1198)

Labor Code section 226(a) states in pertinent part that every employer shall provide an accurate, itemized wage statement in writing with respect to each of its employees showing: "(1) gross wages earned, (2) total hours worked by the employee, …, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, …, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

Labor Code section 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and entitles an employee to an award of costs and reasonable attorney's fees. Labor Code section 226.3 imposes an additional civil penalty on the employer of $250.00 per employee per violation of Labor Code section 226(a) in an initial citation and $1,000 per employee for each violation in a subsequent citation.

October 8, 2021
Page 6



GRAHAMHOLLIS
APC

As set forth above, the Company fail to provide Claimant and, on information and belief, other aggrieved employees with accurate itemized wage statements that comply with the requirements of the Labor Code because the wage statements issued do not include the correct total regular and overtime hours worked, the correct amount of gross and net wages earned, and the correct applicable hourly rates and the corresponding number of hours worked at each hourly rate. The wage statements issued by the Company also do not reflect the correct meal and break premiums due to the Company's failure to include all additional forms of compensation in the calculation of the regular rate of pay for calculating meal and rest break premiums. Claimant will pursue all available remedies for the Company violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## FAILURE TO TIMELY PAY ALL WAGES DUE DURING AND UPON SEPARATION OF EMPLOYMENT

(Labor Code sections 201, 202, 203, 204, 210, 1194, 1194.2, 1198, and the "Minimum Wages" section of the Applicable IWC Wage Order)

Labor Code section 204(a) states in pertinent part, "[a]ll wages…earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Furthermore, Labor Code section 204(b)(1) states, "all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period." Labor Code section 210 provides that, "every person who fails to pay the wages of an employee as provided in Section…204…shall be subject to a civil penalty" of $100 for an initial violation and $200 plus 25% of the amount unlawfully withheld for a subsequent violation. The "Minimum Wages" section of the applicable IWC Wage Order also states that "[e]very employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise."

Labor Code section 201 states, in pertinent part, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code section 202 states, in pertinent part, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

Labor Code section 203(a) states, in pertinent part, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

As set forth above, the Company violated these Labor Code sections by not paying to Claimant and, on information and belief, other aggrieved employees all minimum, regular, and overtime wages, and meal and rest break premium wages, within the required time during and upon separation of their employment. As a result of the Company's failure to comply with the aforementioned Labor Code provisions, the Company owes waiting time penalties to Claimant and, on information and belief, other aggrieved employees, which they have not yet paid. Claimant will pursue all available remedies for the



Company's violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

## CIVIL PENALTIES FOR VIOLATION OF THE LABOR CODE
## AND APPLICABLE IWC WAGE ORDER
(Labor Code sections 558, 558.1, and 1197.1)

Labor Code section 558 subjects any employer or any person acting on behalf of an employer who violates Part 2, Chapter 1, of the Labor Code (Labor Code §§ 500-558.1) or any provision regulating the hours and days of work in any IWC Wage Order to a civil penalty as follows: "[f]or any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages."

Labor Code section 558.1(a) states that "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wage or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." This includes the owners, officers, directors, or managing agents of the employer. Labor Code section 558.1(b).

Similarly, Labor Code section 1197.1 subjects any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: "(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee."

As set forth above, the Company has underpaid Claimant and, on information and belief, aggrieved employees and violated the Labor Code and the applicable IWC Wage Order by failing to pay them all regular, minimum, and overtime wages, and meal and rest break premium wages, as required under Labor Code sections 203, 226, 226.7, 510, 512, 1194, 1197, 2802, and the applicable sections of the applicable IWC Wage Order. As a result, the Company is liable for civil penalties under Labor Code sections 558, 558.1, and 1197.1. Claimant will pursue all available remedies for the Company's violations on behalf of himself and other aggrieved current and former employees to the extent allowed by law.

October 8, 2021
Page 8



## ATTORNEY'S FEES, COSTS, INTEREST, LIQUIDATED DAMAGES AND PENALTIES
(Labor Code sections 210, 218.5, 218.6, 225.5, 226(e), 248.5
558, 1194, 1194.2, 1197.1, 2802, and 2699, *et seq.*)

Labor Code sections 210, 218.5, 218.6, 225.5, 226(e), 248.5, 558, 1194, 1194.2, 1197.1, 2802, and 2699, *et seq.*, among others, give employees the right to recover in a civil action the unpaid balance of the full amount of minimum wages, regular wages, overtime compensation, reimbursements, damages, liquidated damages and penalties, including interest thereon, as well as reasonable attorney's fees and costs.

Pursuant to Labor Code section 2699, *et seq.*, an aggrieved employee is entitled to collect 25% of the penalty assessment and 100% of the underpaid wages. Accordingly, the Company is liable for these items in addition to the unpaid wages and reimbursements. Claimant has already incurred actual damages, costs and attorney's fees and he will continue to incur costs as a result of the Company's unlawful actions. Claimant will pursue all available remedies, including those provided by PAGA, for these violations on behalf of himself and other aggrieved employees.

## CONCLUSION

The facts and claims contained herein are based on the information available at the time of this writing. Therefore, if through discovery and/or expert review, Claimant becomes aware of additional compensation owed to him or other losses incurred by him or by any other aggrieved employee of the Company, he reserves the right to revise these facts and/or add any new claims by amending the claim letter or by adding applicable causes of action in his complaint.

Very truly yours,

Hali Anderson

| | |
|---|---|
| **From:** | noreply@salesforce.com on behalf of LWDA DO NOT REPLY |
| **To:** | Amy Bevan |
| **Subject:** | Thank you for submission of your PAGA Case. |
| **Date:** | Friday, October 8, 2021 2:43:11 PM |

10/8/2021

LWDA Case No. LWDA-CM-847904-21
Law Firm : GrahamHollis APC
Plaintiff Name : Bennett Ley
Employer: Ace Hardware Corporation
Filing Fee : $75.00
IFP Claimed : No

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm

| | |
|---|---|
| **From:** | noreply@salesforce.com on behalf of LWDA DO NOT REPLY |
| **To:** | Amy Bevan |
| **Subject:** | State of California - Department of Industrial Relations Customer Receipt / Purchase Confirmation |
| **Date:** | Friday, October 8, 2021 2:43:21 PM |

Thank you for your payment.

Order Information
Merchant: State of California - Department of Industrial Relations

Case Number: LWDA-CM-847904-21
Order Number: ORD-000138334
Total:$75.00
Card Type: Visa
Date: 10/8/2021

Billing Information
Name: Graham Hollis
Email: abevan@grahamhollis.com
Billing Address:
3555 Fifth Avenue, Suite 200
San Diego, California
92103

Grahamhollis APC
3555 5TH AVE STE 200
SAN DIEGO CA 92103-5057

**USPS CERTIFIED MAIL**



**9414 8118 9876 5850 8517 45**

Ace Hardware Corporation DEV Agency
ATTN Brook Percell
4 EMBARCADERO CTR FL 17
SAN FRANCISCO CA 94111-4158

**$7.16    US POSTAGE**
**FIRST-CLASS**
Oct 08 2021
Mailed from ZIP 92103
3 oz First-Class Mail Flats Rate

11923275



stamps
endicia

062S0012913542

35025-00001 LEY ACE HARDWARE AEB

**UNITED STATES
POSTAL SERVICE**

October 12, 2021

Dear Reference  35025 00001 LEY ACE HARDWARE AEB:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9414 8118 9876 5850 8517 45**.

| Item Details | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | October 12, 2021, 10:14 am |
| **Location:** | SAN FRANCISCO, CA 94105 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Agency |

| Shipment Details | |
|---|---|
| **Weight:** | 3.0oz |

| Recipient Signature | |
|---|---|
| Signature of Recipient: | *[signature]* Joe Rico |
| Address of Recipient: | 633 BATTERY KRKR |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

## Electronic Delivery Confirmation™

---

## USPS CERTIFIED MAIL™

Grahamhollis APC
3555 5TH AVE STE 200
SAN DIEGO CA 92103-5057

**USPS CERTIFIED MAIL**



**9414 8118 9876 5850 8517 45**

Ace Hardware Corporation DEV Agency
ATTN Brook Percell
4 EMBARCADERO CTR FL 17
SAN FRANCISCO CA 94111-4158

**$7.16   US POSTAGE**
**FIRST-CLASS**
Oct 08 2021
Mailed from ZIP 92103
3 oz First-Class Mail Flats Rate

11923275



062S0012913542

---

| | |
|---|---|
| Reference | 35025-00001 LEY ACE HARDWARE AEB |
| USPS # | 9414811898765850851745 |
| USPS Mail Class | Certified with Return Receipt (Signature) |
| USPS Status | Your item was picked up at a postal facility at 10:14 am on October 12, 2021 in SAN FRANCISCO, CA 94105. |
| USPS History | In Transit to Next Facility, 10/11/2021 |
| | In Transit to Next Facility, 10/10/2021 |
| | Departed USPS Regional Destination Facility, 10/09/2021, 11:41 pm, SAN FRANCISCO CA DISTRIBUTION CENTER |
| | Arrived at USPS Regional Destination Facility, 10/09/2021, 1:48 pm, SAN FRANCISCO CA DISTRIBUTION CENTER |
| | Arrived at USPS Regional Origin Facility, 10/08/2021, 9:57 pm, SAN DIEGO CA DISTRIBUTION CENTER |
| | Accepted at USPS Origin Facility, October 8, 2021, 8:42 pm, SAN DIEGO, CA 92103 |

---

**Electronic Delivery Confirmation Report © 2021 Certified Mail Envelopes, Inc. All rights reserved.**
The data collected for this mail label was authored and reported by The United States Postal Service USPS. Copies are available from your Post Office or online at www.USPS.com. USPS Certified Mail™ is a registered trademark of The United States Postal Service. All rights reserved.
**Report Design Copyright 2021** Certified Mail Envelopes, Inc. www.Certified-Mail-Labels.com www.Certified-Mail-Envelopes.com
**Date Verified: 10/13/2021 00:14:12 (UTC)**

UNITED STATES
POSTAL SERVICE

October 14, 2021

Dear Reference  35025 00001 LEY ACE HARDWARE AEB:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9414 8118 9876 5850 8517 45**.

| Item Details | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | October 12, 2021, 10:14 am |
| **Location:** | SAN FRANCISCO, CA 94105 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Agency |

| Shipment Details | |
|---|---|
| **Weight:** | 3.0oz |

| Recipient Signature | |
|---|---|
| Signature of Recipient: |  |
| Address of Recipient: | |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional
assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

# EXHIBIT 2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
GRAHAMHOLLIS APC; Graham S.P. Hollis(SBN 120577); Vilmarie Cordero
(SBN 268860); Hali M. Anderson (SBN 261816); David Lin (SBN 312350)
3555 Fifth Avenue, Suite 200, San Diego, California 92103

TELEPHONE NO.: 619-692-0800   FAX NO. (Optional): 619-692-0822
ATTORNEY FOR (Name): Plaintiff Bennett Ley

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

FOR COURT USE ONLY
FILED
Superior Court Of California,
Sacramento
12/15/2021
ddonkin
By_____, Deputy
Case Number:
34-2021-00312661

CASE NAME:
Bennett Ley v. Ace Hardware Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter | [ ] Joinder | |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

FILED BY FAX

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 1 (one)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/15/2021

David X. Lin
(TYPE OR PRINT NAME)                                        ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
 *case involves an uninsured*
 *motorist claim subject to*
 *arbitration, check this item*
 *instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer
  or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
 domain, landlord/tenant, or
 foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-
 domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
 harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT 3

| | For Court Use Only |
|---|---|
|  **SUPERIOR COURT OF CALIFORNIA** <br> **County of Sacramento** <br> 720 Ninth Street, Room 102 <br> Sacramento, CA 95814-1311 | |
| PETITIONER/PLAINTIFF: Bennett Ley et.al. <br><br> RESPONDENT/DEFENDANT: ACE Hardware Corporation et.al. | |
| **ORDER RE: DELAY IN SCHEDULING** <br> **INITIAL CASE MANAGEMENT CONFERENCE** | CASE NUMBER: <br> 34-2021-00312661 |

The Court finds good cause to delay the scheduling of the initial Case Management Conference for this case given the COVID-19 pandemic and its impact on court-wide operations. Among the affected operations is the Court's Case Management Program (CMP). The Court's CMP calendars have been and remain suspended until further notice. After the CMP Departments resume operations, the Court will schedule the initial Case Management Conference in this case and issue a Notice of Case Management Conference and Order to Appear.

The deadline for filing and service of the Case Management Conference Statements will be based upon the date for the initial Case Management Conference once it has been scheduled.

Parties shall continue to accomplish service of all parties named in the action.

Parties shall continue to ensure that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered.

Plaintiff shall serve a copy of this order on any party to the complaint. The cross-complainant shall have the same obligation with respect to the cross-complaint

RICHARD K. SUEYOSHI

Dated: 12/15/2021

_____
Richard K. Sueyoshi, Judge of the Superior Court

Order re: Delay in Scheduling Initial Case Management Conference

# EXHIBIT 4

FILED
Superior Court Of California,
Sacramento
**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

ddonkln

By_____ , Deputy

Case Number:

34-2021-00312661

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ACE HARDWARE CORPORATION, a Delaware Corporation,
authorized to do business in California; and DOES 1 through 50
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BENNETT LEY, in his representative capacity, on behalf of the State of
California, the general public and all aggrieved employees

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Sacramento<br>720 9th Street, Sacramento, CA 95814 | CASE NUMBER:<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
GRAHAMHOLLIS APC; Graham S.P. Hollis(SBN 120577); Vilmarie Cordero (SBN 268860);    (619)692-0800
Hali M. Anderson (SBN 261816); David Lin (SBN 312350); 3555 Fifth Avenue, Suite 200,  San Diego, California 92103

| DATE: **DEC 1 7 2021** | Clerk, by | **D. DONKIN** | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT 5

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>GrahamHollis APC<br>Graham S.P. Hollis, Esq. (SBN 120577); Vilmarie Cordero, Esq. (SBN 268860)<br>David X. Lin (SBN 312350)<br>3555 Fifth Ave, Suite 200, CA 92103<br>TELEPHONE NO.: 619-692-0800     FAX NO. *(Optional)*: 619-692-0822<br>E-MAIL ADDRESS *(Optional)*: dlin@grahamhollis.com<br>ATTORNEY FOR *(Name)*: Plaintiff Bennett Ley | **FOR COURT USE ONLY** |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME: Gordon D. Schaber

PLAINTIFF/PETITIONER: Bennett Ley

DEFENDANT/RESPONDENT: Ace Hardware Corporation

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>34-2021-00312661 |
|---|---|

TO *(insert name of party being served)*: Ace Hardware Corporation via attorney Brooke Purcell, Esq.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 1/12/2022 (via USPS)

Amy Bevan
(TYPE OR PRINT NAME)          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify)*:
   Civil Case Coversheet; ADP Information and Stipulation; Order re: Delay in Scheduling Initial Case Management Conference; Program Case Notice

*(To be completed by recipient):*

Date this form is signed:

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,     (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# EXHIBIT 6



**SUPERIOR COURT OF CALIFORNIA**
COUNTY OF SACRAMENTO
SACRAMENTO, CALIFORNIA, 95814
916-874-5522
WWW.SACCOURT.CA.GOV

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

### What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences

- Private judging
- Neutral evaluation

- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

### What are the advantages of using ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration and Mediation

Although there are many different types of ADR processes, the types most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.

---

Alternative Dispute Resolution Information Package



**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information package from the Court's Website, http://www.saccourt.ca.gov, or the Superior Court Clerk. Plaintiff is required to include the ADR Information Package when he or she serves the Complaint on the Defendant.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

### Mediation.

All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. The parties may choose either of the following Mediation choices:

**Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

**Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List). The court will confirm the selected Mediator and notice parties by mail.

The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

#### UNLIMITED CIVIL CASES

- A *Stipulation and Order to Mediation – Unlimited Civil Cases,* Form CV\E-MED-179 *(see attached)* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference.

- If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* within 14 calendar days after their CMC.

- A *Mediation Statement* must be filed with the *Case Management Statement*.

#### LIMITED CIVIL CASES

- Parties may select and conduct voluntary Private Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV\E-203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is located on the court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum.

**Arbitration**

*UNLIMITED CIVIL CASES*

- Plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and three alternate Arbitrators from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

- Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 2, Part 5. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

LIMITED CIVIL CASES

Arbitration may occur in a limited civil case under the following circumstances:

- When all parties stipulate to arbitration pursuant to Code of Civil Procedure section 1141.12. A stipulation for arbitration shall be filed using the Court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil Cases form (CV\E-203). A Stipulation and Order to Arbitration/Mediation – Limited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memorandum form (CV\E-202).

- When plaintiff elects to refer the case to judicial arbitration. A written election by the plaintiff to submit an action or proceeding to arbitration shall be filed using the Court's local form, Limited Civil Case Status Memorandum form (CV\E-202).

**Additional Information**

For additional information regarding the Court's ADR program, please go to the Court's website http://www.saccourt.ca.gov.

---

# EXHIBIT 7

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, STATE BAR # AND ADDRESS): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.                    FAX NO. (*Optional*)<br>EMAIL ADDRESS (*Optional*)<br>ATTORNEY FOR (*NAME*): | |
| **Superior Court of California, County of Sacramento**<br>720 Ninth Street, Room 101<br>Sacramento, CA 95814-1380<br>(916) 874-5522—Website www.saccourt.ca.gov | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE MANAGEMENT CONFERENCE DATE: |
| **STIPULATION AND ORDER TO MEDIATION – UNLIMITED CIVIL** | CASE NUMBER:<br><br>ASSIGNED DEPT.: |

The parties and their attorneys stipulate that the claims in this action shall be submitted to the following mediation process:

**Type of Mediation (select one):**

[ ] 1. **Court Mediation.** *Mediators on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process: the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.*

[ ] 2. **Court Mediation in lieu of previously ordered Arbitration.** *Mediator's on the court's approved ADR Panel List have agreed to provide up to three (3) hours of pro-bono Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process: the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.*

[ ] 3. **Private Mediation.** *Per Local Rule 2.84 the cost of mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator.*

[ ] 4. **Private Mediation in lieu of previously ordered Arbitration.** *Per Local Rule 2.84 the cost of mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator.*

**Neutral**

Court Neutral Selected:                                   Name _____
(If type of Mediation selected above is option 1 or 2)

Alternate Court Neutral Selected:                   Name _____
(If type of Mediation selected above is option 1 or 2)

Alternate Court Neutral Selected:                   Name _____
(If type of Mediation selected above is option 1 or 2)

Private Neutral Selected:                               Name _____
(If type of Mediation selected above is option 3 or 4)

**Other Stipulations**

[ ] Discovery to remain open 30 days prior to trial.

Additional Stipulations: _____

## STIPULATION AND ORDER TO MEDIATION – UNLIMTED CIVIL

PLAINTIFF/PETITIONER: _____    CASE NUMBER: _____

DEFENDANT/RESPONDENT: _____

| _____ | _____ | _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address _____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

| _____ | _____ | _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address _____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

| _____ | _____ | _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

Bar # _____
Address _____
_____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

☐ Additional Signature Page(s) Attached

### ORDER

**The foregoing stipulation having been read and considered, and good cause appearing, now therefore:**

☐ Stipulation and Order to Mediation deferred to Case Management Conference.

☐ The Court orders the parties to enter mediation as stipulated above, pursuant to Chapter Two – Part 5 of the Local Rules.

☐ Previously scheduled Case Management Conference is vacated.

☐ Previous order to Arbitration is vacated and appointment of Arbitrator rescinded.

☐ The case is ordered to the Trial-Setting Process. The Trial and Settlement Conference dates shall be selected no later than _____.

☐ Trial-Setting Conference is vacated.

☐ Time to Select Trial date and Mandatory Settlement Conference date is extended to _____.

☐ Mediation Status Conference set for:

| _____ | _____ | _____ |
| Date | Time | Department |

☐ Stipulation and Order to Mediation denied.

☐ It is further ordered that: _____

_____

Dated: _____    Signed: _____

**Judge of the Superior Court**

Stipulation and Order to Mediation – Unlimited Civil

**STIPULATION AND ORDER TO MEDIATION**

*(Additional Signature Page)*

PLAINTIFF/PETITIONER: _____    CASE NUMBER: _____

DEFENDANT/RESPONDENT: _____

_____  _____  _____
Name of Party Stipulating    Name of Party or Attorney Executing Stipulation    Signature of Party or Attorney
                             Bar # _____
                             Address _____
                             _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____  _____  _____
Name of Party Stipulating    Name of Party or Attorney Executing Stipulation    Signature of Party or Attorney
                             Bar # _____
                             Address _____
                             _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____  _____  _____
Name of Party Stipulating    Name of Party or Attorney Executing Stipulation    Signature of Party or Attorney
                             Bar # _____
                             Address _____
                             _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____  _____  _____
Name of Party Stipulating    Name of Party or Attorney Executing Stipulation    Signature of Party or Attorney
                             Bar # _____
                             Address _____
                             _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

_____  _____  _____
Name of Party Stipulating    Name of Party or Attorney Executing Stipulation    Signature of Party or Attorney
                             Bar # _____
                             Address _____
                             _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant  Dated: _____

Stipulation and Order to Mediation – Unlimited Civil

# EXHIBIT 8



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 Ninth Street**
**Sacramento, CA  95814-1380**
**(916) 874-5522—Website www.saccourt.ca.gov**

### Program Case Notice
**Unlimited Civil Case**

The Case Management Program (CMP) requires the following timelines to be met in all cases except those that are excluded by California Rule of Court 3.712(b), (c) and (d) and Local Rule 2.46(B), (E) and (F).

| Action | Requirement |
|---|---|
| **Service of Summons** | Summons, complaint and program case notice must be served on all named defendants and proofs of service on those defendants must be filed with the court within **60 days** from the filing of the complaint. |
| | When the complaint is amended to add a new defendant, the added defendant must be served and proofs of service must be filed within **30 days** after the filing of the amended complaint. |
| | A cross-complaint adding a new party must be served and proofs of service must be filed with the court **30 days** from the filing of the cross-complaint. |
| **Statement of Damages** | If a statement of damages pursuant to Section 425.11 of the Code of Civil Procedure or a statement of punitive damages is required, it must be served with the summons and complaint. |
| **Responsive Pleadings** | If a responsive pleading is not served within the time limits and no extension of time has been granted, the plaintiff within **10 days** after the time for service has elapsed must file a request for entry of default. |
| | Parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint. |
| | No extensions of time to respond beyond **105 days** from the filing of the complaint may be given. |
| **Judgment by Default** | When default is entered, the party who requested the entry of default must apply for a default judgment against the defaulting party within **45 days** after entry of default, unless the court has granted an extension of time. |
| **Case Management Statement** | The court will provide a notice of case management conference on the filing parties at the time that the case is filed with the court.  A case management statement shall be filed at least **15 calendar days** prior to the date set for the case management conference. |
| **Mediation Statement** | The Mediation Statement shall be filed concurrently with the Case Management Statement, unless the parties have filed a Stipulation for Alternative Dispute Resolution form with the ADR Administrator at any time up to 15 calendar days prior to the Case Management Conference, as required by Local Rule 2.51(E). |
| **Meet and Confer** | Parties must meet and confer, in person or by telephone as required in California Rules of Court 3.724 at least **30 calendar days** before the case management conference date. |
| **Case Management Conference** | A case management conference is generally held within **180 days** of the filing of the complaint. |

Failure to comply with the program rules may result in the imposition of sanctions or an order to show cause. Please refer to Local Rules Chapter Two – Part 4 for more information.

### NOTE: THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT.

Program Case Notice (Unlimited Civil Case)

CV\E-143U (Rev 02.16.16)
Local Form Adopted for Mandatory Use

Page 1 of 1

# EXHIBIT 9

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>GrahamHollis APC<br>Graham S.P. Hollis, Esq. (SBN 120577); Vilmarie Cordero, Esq. (SBN 268860)<br>David X. Lin (SBN 312350)<br>3555 Fifth Ave, Suite 200, CA 92103<br>TELEPHONE NO: 619-692-0800       FAX NO. *(Optional)*: 619-692-0822<br>E-MAIL ADDRESS *(Optional)*: dlin@grahamhollis.com<br>ATTORNEY FOR *(Name)*: Plaintiff Bennett Ley | FILED<br>Superior Court Of California,<br>Sacramento<br>01/31/2022<br>to__twpba<br>FOR COURT USE ONLY<br>By _____, Deputy<br>Case Number:<br>**34-2021-00312661** |

FILED BY FAX

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SACRAMENTO**
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento 95814
BRANCH NAME: Gordon D. Schaber

PLAINTIFF/PETITIONER: Bennett Ley

DEFENDANT/RESPONDENT: Ace Hardware Corporation

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>34-2021-00312661 |

TO *(insert name of party being served):* Ace Hardware Corporation via attorney Brooke Purcell, Esq.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 1/12/2022 (via USPS)

Amy Bevan
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☑  A copy of the summons and of the complaint.
2. ☑  Other *(specify):*

Civil Case Coversheet; ADR Information and Stipulation; Order re: Delay in Scheduling Initial Case Management Conference; Program Case Notice

*(To be completed by recipient):*

Date this form is signed:

01/31/2022

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

# EXHIBIT 10

FILED BY FAX

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| GrahamHollis APC<br>Graham S.P. Hollis, Esq. (SBN 120577); Vilmarie Cordero, Esq. (SBN 268860);<br>Hali M. Anderson, Esq. (SBN 261816); David X. Lin, Esq. (SBN 312350)<br>3555 Fifth Avenue, Suite 200, San Diego, CA 92103<br>TELEPHONE NO.: 619-692-0800   FAX NO. *(Optional):* 619-692-0822<br>E-MAIL ADDRESS *(Optional):* dlin@grahamhollis.com<br>ATTORNEY FOR *(Name):* Plaintiff Bennett Ley | **Superior Court of California,<br>Sacramento**<br>**01/31/2022**<br>tcrowther<br>By _____ , Deputy<br>**Case Number:**<br>**34-2021-00312661** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento | |
|---|---|
| STREET ADDRESS:  720 9th Street | |
| MAILING ADDRESS:  720 9th Street | |
| CITY AND ZIP CODE:  Sacramento 95814 | |
| BRANCH NAME:  Gordon D. Schaber | |

| PLAINTIFF/PETITIONER: Bennett Ley | CASE NUMBER:<br>34-2021-00312661 |
|---|---|
| DEFENDANT/RESPONDENT: Ace Hardware Corporation | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [✓]  summons
   b. [✓]  complaint
   c. [✓]  Alternative Dispute Resolution (ADR) package
   d. [✓]  Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ]  cross-complaint
   f. [✓]  other *(specify documents):* Order re Delay in Scheduling Initial CMC; Program Case Notice

3. a. Party served *(specify name of party as shown on documents served):*
      Ace Hardware Corporation

   b. [✓]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      via attorney Brooke Purcell, Esq.

4. Address where the party was served:
   SheppardMullin ATTN: Brooke Purcell, Four Embarcadero Center, 17th Floor, San Francisco, CA 94111

5. I served the party *(check proper box)*
   a. [ ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*   (2) at *(time):*
   b. [ ]  **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or [ ] a declaration of mailing is attached.

      (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Bennett Ley | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ace Hardware Corporation | 34-2021-00312661 |

5. c. [✓] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* January 12, 2022    (2) from *(city):* San Diego, CA

    (3) [✓] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

[ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as occupant.
  d. [✓] On behalf of *(specify):* Ace Hardware Corporation
    under the following Code of Civil Procedure section:

    [✓] 416.10 (corporation)    [ ] 415.95 (business organization, form unknown)
    [ ] 416.20 (defunct corporation)    [ ] 416.60 (minor)
    [ ] 416.30 (joint stock company/association)    [ ] 416.70 (ward or conservatee)
    [ ] 416.40 (association or partnership)    [ ] 416.90 (authorized person)
    [ ] 416.50 (public entity)    [ ] 415.46 (occupant)
        [ ] other:

7. **Person who served papers**
  a. Name: Amy Bevan
  b. Address: 3555 Fifth Avenue, Suite 200, San Diego, CA 92103
  c. Telephone number: 619-906-4013
  d. The fee for service was: $ 0.00
  e. I am:
    (1) [✓] not a registered California process server.
    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ ] a registered California process server:
      (i) [ ] owner [ ] employee [ ] independent contractor.
      (ii) Registration No.:
      (iii) County:

8. [✓] I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. [ ] I am a **California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: January 31, 2022

Amy Bevan
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)    ▶ *(SIGNATURE)*

**EXHIBIT 11**

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   BROOKE SIKORA PURCELL, Cal. Bar No. 260058
3  LUIS ARIAS, Cal. Bar No. 317819
   SHAYLA M. GRIFFIN, Cal. Bar No. 339821
4  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
5  Telephone:    415.434.9100
   Facsimile:    415.434.3947
6  E mail    bpurcell@sheppardmullin.com
             larias@sheppardmullin.com
7             smgriffin@sheppardmullin.com

8  Attorneys for Ace Hardware Corporation

9                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF SACRAMENTO

11

12
   BENNETT LEY, in his representative          Case No. 34-2021-00312661
13 capacity, on behalf of the State of California
   and the general public and all aggrieved    **DEFENDANT ACE HARDWARE**
14 employees                                    **CORPORATION'S  ANSWER TO**
                                                **PLAINTIFF'S REPRESENTATIVE**
15                 Plaintiff,                   **ACTION COMPLAINT FOR CIVIL**
                                                **PENALTIES PURSUANT TO THE**
16         v.                                   **PRIVATE ATTORNEYS GENERAL ACT**
                                                **OF 2004**
17 ACE HARDWARE CORPORATION, a
   Delaware Corporation, authorized to do
18 business in California; and DOES 1 through   Complaint Filed: December 15, 2021
   50 inclusive,
19
                  Defendants.
20

21

22

23

24

25

26

27

28

-1-

Defendant Ace Hardware Corporation ("Defendant") hereby answers Plaintiff Bennett Ley's ("Plaintiff") Representative Action Complaint filed on December 15, 2021, as follows:

## GENERAL DENIAL

Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendant denies generally and specifically each and every cause of action and purported allegation and cause of action set forth in the Complaint, and further denies that Plaintiff was damaged in the sum alleged or sums alleged or in any sum or at all.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint, Defendant alleges the following affirmative defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. The Complaint does not state facts sufficient to permit Plaintiff to proceed on behalf of himself or on behalf of others in a representative capacity under the Private Attorneys General Act ("PAGA") and does not plead facts sufficient to state any cause of action against Defendant, including under the California Labor Code.

## SECOND AFFIRMATIVE DEFENSE

### (Primary Jurisdiction Doctrine)

2. The Complaint, and each and every purported cause of action alleged therein, should be abated in the Court's discretion and Plaintiff should be ordered to pursue his administrative remedies with the Division of Labor Standards Enforcement and/or Workforce Development Agency, which have primary jurisdiction over these claims.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

3. Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff lacks standing to assert each or any purported cause of action alleged in the Complaint and lacks standing to represent the allegedly aggrieved employees.

1

## FOURTH AFFIRMATIVE DEFENSE

2

(Laches)

3      4.      The Complaint, and each and every purported cause of action alleged therein, is

4  barred by the doctrine of laches, in that Plaintiff unreasonably delayed in bringing the action because

5  he did not act within a reasonable time in seeking the wages at issue, or otherwise reporting any

6  alleged violation of wage and hour laws, and has unreasonably delayed in the filing of this lawsuit,

7  causing Defendant to suffer prejudice.

8

## FIFTH AFFIRMATIVE DEFENSE

9

(Unclean Hands)

10      5.      Defendant alleges that Plaintiff's Complaint, and each cause of action alleged

11  therein, is barred, in whole or in part, by the doctrine of unclean hands, to the extent that Plaintiff

12  and/or the allegedly aggrieved employees have engaged in any inequitable behavior related to the

13  claims alleged against Defendant.

14

## SIXTH AFFIRMATIVE DEFENSE

15

(Waiver)

16      6.      Defendant is informed and believes that Plaintiff and the allegedly aggrieved

17  employees have waived some or all of the purported causes of action alleged in the Complaint by

18  virtue of their prior representations, actions, and/or inaction.

19

## SEVENTH AFFIRMATIVE DEFENSE

20

(Estoppel)

21      7.      Defendant alleges that Plaintiff's Complaint, and each cause of action alleged

22  therein, is barred, in whole or in part, to the extent that Plaintiff and/or the allegedly aggrieved

23  employees are estopped by his or their own conduct to assert any claims against or obtain any award

24  from Defendant.

25  ///

26  ///

27  ///

28  ///

**EIGHTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

8.     The Complaint, and each and every purported cause of action alleged therein, is barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure Sections 338, 339, 340, and 343.

**NINTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust)

9.     The Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff, and each allegedly aggrieved employee failed to pursue or otherwise exhaust administrative remedies with the California Division of Labor Standards Enforcement and/or the Labor and Workforce Development Agency.

**TENTH AFFIRMATIVE DEFENSE**

(Consent)

10.     Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of consent, to the extent that Plaintiff and/or the allegedly aggrieved employees knowingly and voluntarily consented to and/or participated in some or all of the conduct upon which the claims alleged against Defendant are based.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Justification)

11.     Any acts alleged to have been committed by Defendant were committed in the exercise of good faith, with probable cause, were not arbitrary or capricious, were based upon legitimate factors, and were reasonable and justified under the circumstances.

**TWELFTH AFFIRMATIVE DEFENSE**

(Unknown Conduct / Outside Course and Scope of Employment)

12.     Defendant alleges that the Complaint, and each and every purported cause of action set forth therein, cannot be maintained against Defendant because if Plaintiff and/or the allegedly aggrieved employees took the actions alleged, such actions were committed outside the course and scope of such employment, were not authorized, adopted or ratified by Defendant, and/or Defendant

-4-

did not know of nor should it have known of such conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Set-Off / Offset / Recoupment)

13.     The Complaint, and each and every purported cause of action alleged therein, is subject to setoff, offset and/or recoupment to the extent Plaintiff and/or the allegedly aggrieved employees have already been compensated for the hours worked and/or business expenses for which they seek compensation here.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Uncertainty)

14.     Defendant alleges the Complaint, and each and every purported cause of action alleged therein, is uncertain.

### FIFTEENTH AFFIRMATIVE DEFENSE

(*Bona Fide* Dispute)

15.     Defendant alleges that Plaintiff's claims for penalties, including waiting time penalties under Labor Code section 203, are barred because (1) a good faith, *bona fide* dispute exists or existed as to whether additional compensation and/or expenses are actually due to Plaintiff and/or the allegedly aggrieved employees and, if so, the amount thereof, (2) Defendant has not intentionally or willfully failed to pay such additional compensation, and (3) to impose penalties in this action would be inequitable and unjust.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Labor Code § 203 – No Willful or Intentional Violation)

16.     Plaintiff, and each allegedly aggrieved employee, are not entitled to any penalty award under section 203 of the California Labor Code since, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of Cal. Labor Code § 200, *et seq*., but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of Cal. Labor Code § 200, *et seq*.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Labor Code § 226 – No Knowing and Intentional Failure)

17.     Defendant is informed and believes and, based on such information and belief, alleges, that even assuming *arguendo* that Plaintiff and each allegedly aggrieved employee were not provided with a proper itemized statement of wages and deductions, Plaintiff and each allegedly aggrieved employee are not entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" and it violates due process to award civil penalties in circumstances where an essential element of the alleged Labor Code violation of a knowing and intentional failure has not been satisfied and/or to the extent there is a change in the law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Labor Code § 226 – Clerical Error/Inadvertent Mistake)

18.     Defendant alleges that, even assuming Plaintiff and/or the allegedly aggrieved employees were not provided with a proper itemized statement of wages and deductions, Plaintiff and the allegedly aggrieved employees are not entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code section 226 was the result of a clerical error or inadvertent mistake.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Labor Code § 226 – No Injury)

19.     Defendant is informed and believes and, based on such information and belief, alleges, that even assuming *arguendo* that Plaintiff and each allegedly aggrieved employee were entitled to receive and were not provided with an accurate itemized statement of wages and deductions, Plaintiff, and each allegedly aggrieved employee are not entitled to recover damages or penalties because Plaintiff, and each allegedly aggrieved employee have not suffered any injury as a result of any alleged inaccurate wage statements and it violates due process to award civil penalties when there has been no injury and/or Defendant pled this affirmative defense to the extent there is a change in the law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (*Res Judicata*, Bar and Merger, Settlement/Release)

20.     The Complaint and each cause of action set forth therein, are barred, in whole or in

part by the doctrine of res judicata or release, to the extent that any of the claims asserted in the Complaint have been released, whether by Plaintiff, the LWDA, or by or on behalf of any of the allegedly aggrieved employees.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Collateral Estoppel)

21.    The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of collateral estoppel, to the extent that a previous final judgment or a decision on a collateral issue has resolved Plaintiff's claims.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Violation of Due Process)

22.    Defendant alleges that treatment as a representative action as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.  Defendant further alleges that the penalties Plaintiff demands are excessive and violate Defendant's due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Unconstitutional Wage Order)

23.    Defendant alleges that the Complaint, and each and every purported cause of action alleged therein, or some of them, are barred because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States Constitution and the California Constitution as to, among other things, due process.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Failure by Plaintiff to Follow Directions)

24.    Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that any failure to comply with Defendant's work-time recording polices and/or reporting and/or overtime and/or meal or rest break rules, or any

other violation alleged in the Complaint, was the result of failure by Plaintiff and/or each allegedly aggrieved employee, to follow Defendant's reasonable instructions, and a breach of duties owed to Defendant under California Labor Code sections 2854, 2856, 2857, 2858 and/or 2859.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Bad Faith)

25.    Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, that Plaintiff's claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and his attorneys.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Breach of Duty)

26.    Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, that Plaintiff's claims, and those of any allegedly aggrieved employees, are barred by his or their own breach of the duties owed to Defendant under the California Labor Code.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(No Penalties or Liquidated Damages – Good Faith Actions)

27.    Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that any violation of the Labor Code or any Order of the Industrial Welfare Commission was an act or omission made in good faith; that Defendant had reasonable grounds for believing that it complied with all applicable laws; and that Plaintiff and/or the allegedly aggrieved employees cannot recover penalties because any alleged failure to pay wages or provide compliant wage statements was based on a good faith dispute regarding the applicable law or facts.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(No Entitlement to Prejudgment Interest)

28.    Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint fails to state a claim upon which prejudgment interest may be granted because the damages claimed are not sufficiently certain to allow an award

of prejudgment interest.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

29.     Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each and every cause of action set forth therein, or some of them, are barred, in whole or in part, by the doctrine of avoidable consequences, to the extent that Plaintiff and/or the allegedly aggrieved employees unreasonably failed to use Defendant's preventative and corrective measures, which would have prevented some or all of the harm allegedly suffered.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Failure to Provide Notice)

30.     Defendant alleges that Plaintiff failed to give sufficient written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated in this action, including the facts and theories to support the alleged violations, and/or the names of the "aggrieved employees" on whose behalf he intends to seek penalties, pursuant to the Labor Code Private Attorneys General Act, Labor Code Section 2698, *et seq*., and Plaintiff's claims are thus barred and/or limited by law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

31.     Defendant alleges that the Complaint fails to state a claim for attorneys' fees under any statute or provision.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

32.     Defendant alleges that Plaintiff and/or the allegedly aggrieved employees' claims have been released, settled, satisfied, extinguished, and/or supported by adequate consideration in full accord and satisfaction of all of Defendant's alleged obligations.

///

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Concurrent Exclusive Jurisdiction)

33.     Plaintiff's causes of action against Defendant overlaps with, and/or are subsumed by, the claims alleged in earlier-filed actions.  As a result, California Code of Civil Procedure section 430.10 and/or the doctrine of exclusive jurisdiction require abatement of Plaintiff's action.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (PAGA – Unmanageable)

34.     Plaintiff's representative action claims against Defendant are barred, in whole or in part, on the grounds that Plaintiff's cause of action against Defendant cannot be effectively managed or determined in the form of a representative action under PAGA without violating Defendant's due process rights under the Fourteenth Amendment to the United States Constitution and Section 7 of the California Constitution by, among other things, depriving Defendant of its right to present defenses to individual claims of each of the individuals whom Plaintiff seeks to represent in a representative action under the Labor Code Private Attorney's General Act of 2004.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (PAGA – Unauthorized Delegation of Power)

35.     PAGA, which authorizes employees to file private actions against an employer and recover excessive penalties, three-quarters of which are paid to an executive agency of the State of California, constitutes an unlawful delegation of power in violation of the California Constitution.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (PAGA – Lack of Standing)

36.     Defendant is informed and believes, and based upon such information and belief, alleges, that Plaintiff lacks standing to assert the Complaint or any purported cause of action alleged therein; or to bring claims for any civil penalties on behalf of others because he is not an "aggrieved employee," pursuant to the Private Attorneys General Act, Labor Code section 2698, *et seq*., or Plaintiff otherwise lacks standing.

///

///

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (PAGA – Unjust Enrichment)

37.    Plaintiff, and the individuals on whose behalf Plaintiff seeks relief, is not entitled to recovery of penalties under PAGA to the extent that such penalties are sought in addition to penalties for the same claims, as such duplicative recovery is barred and constitutes unjust enrichment.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (PAGA – Unconstitutional)

38.    Defendant alleges that the Complaint and each cause of action are barred because the Private Attorneys General Act, Labor Code section 2698 *et seq.*, is unconstitutionally vague and overbroad as applied to the Complaint and circumstances of this case.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Excessive Penalties Unconstitutional)

39.    Defendant is informed and believes and, based on such information and belief, alleges, that the penalties claimed by Plaintiff in this case are excessive and thus violate Defendant's rights under the state and federal Constitutions.

## FORTIETH AFFIRMATIVE DEFENSE

### (Violation of Due Process)

40.    Defendant alleges that the penalties imposed by PAGA are excessive, and that the prosecution of a representative action on behalf of the general public as applied to the facts and circumstances of this case would constitute a denial of Defendant's due process rights, both substantive and procedural, guaranteed by Article I, section 7 and Amendment 8 of the California Constitution and in violation of the Fourteenth Amendment to the United States Constitution.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (No Individual Liability Under PAGA)

41.    Plaintiff's claims and those of the allegedly aggrieved employees, are barred, in whole or in part, because PAGA does not provide a private right of action against individual employees.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (CA Labor Code Section § 2699(e)(2))

42.     Defendant alleges that the penalties sought in Plaintiff's Complaint would result in an award that is unjust, arbitrary, oppressive or confiscatory, and Plaintiff should therefore not recover damages or in the alternative, any award of damages should be reduced in an amount determined by the court.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (CA Labor Code Section § 2699(f) – Default Civil Penalties)

43.     Defendant is informed and believes and, based on such information and belief, alleges, that Plaintiff and/or the allegedly aggrieved employees are not entitled to recovery of default civil penalties under Labor Code section 2699(f) for the alleged violation of Labor Code sections for which civil penalties are specifically provided.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (CA Labor Code § 2699(f) – Initial Violation)

44.     Defendant is informed and believes and, based on such information and belief, alleges, that insofar as Defendant has never been cited by the Labor Commissioner, or received a judgment against it in a court of law, with respect to any of Plaintiff's Labor Code claims, any civil penalties awarded to Plaintiff and/or the allegedly aggrieved employees under the PAGA must be limited to those penalties applicable to an initial violation.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Lawful Policy)

45.     Defendant is not liable for the unpaid wages alleged by Plaintiff.  Defendant's policies complied with California law because it is fair and neutral on its face and compensates employees for all time worked.  *See See's Candy Shops, Inc. v. Superior Court*, 210 Cal. App. 4th 889 (2012).

///

///

///

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (*De Minimis*)

46.     Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, cannot be maintained against Defendant because Defendant's acts or omissions, if any, or Plaintiff or the allegedly aggrieved employees' acts or omissions, and the alleged time involved and/or damages are *de minimis.*

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

47.     Defendant alleges Plaintiff and/or the allegedly aggrieved employees are not entitled to equitable relief insofar as they have adequate remedies at law.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Bona Fide Opportunity to Take Meal Periods)

48.     To the extent timekeeping records show incidences where Plaintiff or any other non-exempt employee did not record an off-duty meal period of at least 30 minutes beginning by the end of the fifth hour in a shift greater than five hours, Defendant is not liable for failure to provide a meal period because it permitted its employees a bona fide opportunity to take a compliant meal period but the employees voluntarily chose not to take the meal period Defendant provided.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

49.     Defendant is informed and believes that Plaintiff and any allegedly aggrieved employees have failed to exercise reasonable care to mitigate their damages, if any were suffered, and that their right to recover against Defendant should be reduced and/or eliminated by such a failure.

## FIFTIETH AFFIRMATIVE DEFENSE

### (Lack of Knowledge)

50.     Defendant alleges it had no knowledge, and could not reasonably have known, of any off-the-clock work by Plaintiff and/or the allegedly aggrieved employees.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

(No Private Right of Action)

51.     Defendant alleges that there is no private right of action to recover the penalties sought by Plaintiff and/or the allegedly aggrieved employees and that Plaintiff has not complied with the procedural requirements for seeking any such penalties.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

(Binding Arbitration)

52.     Defendant alleges that the Complaint, and each and every cause of action set forth therein, or some of them, cannot be maintained against Defendant to the extent the claims of Plaintiff and/or allegedly aggrieved employees, are subject to binding agreements to arbitrate their claims and a waiver of their right to peruse any representative action against Defendant.

**RESERVATION OF RIGHT TO AMEND ANSWER**

Defendant hereby give notice that they intend to rely on such other and further defenses as may become available during discovery in this action and reserve the right to amend the Answer to assert any such defenses.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.     That the Complaint be dismissed with prejudice in its entirety;

2.     That Plaintiff takes nothing by reason of the Complaint;

3.     That Defendant be awarded their costs of suit and reasonable attorneys' fees to the extent provided by law; and,

4.     For such other and further relief as the Court may deem just and proper.

1    Dated:  March 1, 2022

2                                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                           By

5                                    BROOKE SIKORA PURCELL
                                     LUIS ARIAS
6                                    SHAYLA M. GRIFFIN
                             Attorneys for Ace Hardware Corporation

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO</u>

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On March 1, 2022, I served true copies of the following document(s) described as **DEFENDANT ACE HARDWARE CORPORATION'S ANSWER TO PLAINTIFF'S REPRESENTATIVE ACTION COMPLAINT FOR CIVIL PENALTIES PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT OF 2004** on the interested parties in this action as follows:

**SERVICE LIST**

GRAHAMHOLLIS APC                          *Attorneys for Plaintiff Bennett Ley and All*
Graham S.P. Hollis                         *Aggrieved Employees*
Vilmarie Cordero
Hali M. Anderson
David X. Lin
3555 Fifth Avenue, Suite 200
San Diego, CA  92103
Telephone: 619-692-0800
Facsimile:  619-692-0822
ghollis@grahamhollis.com
vcordero@grahamhollis.com
handerson@grahamhollis.com
dlin@grahamhollis.com

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address larago@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 1, 2022, at San Francisco, California.

_____
Lydia Arago Schou

-16-